Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Fritch**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Orion Manufactured Housing Specialists, Inc.**, an Arizona company; and **L. James Miller,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Jason Fritch ("**Plaintiff**"), for his Verified Complaint against Defendants Orion Manufactured Housing Specialists, Inc. ("**Orion**"); and L. James Miller hereby alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Jason Fritch resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Jason Fritch was a full-time employee of Defendants from on or around May 16, 2020, until on or around September 14, 2021.

8. At all relevant times to the matters alleged herein, Plaintiff Jason Fritch was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Jason Fritch was a non-exempt employee.

10. Defendant Orion is a company authorized to do business in Arizona.

11. Defendant Orion was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant L. James Miller is an Arizona resident.

13. Defendant L. James Miller has directly caused events to take place giving rise to this action.

14. Defendant L. James Miller is the President of Orion.

15. Defendant L. James Miller is the Director of Orion.

16. Defendant L. James Miller is a Shareholder of Orion.

17. Defendant L. James Miller is the Treasurer of Orion.

18. Defendant L. James Miller is a manager of Orion.

19. Defendant L. James Miller is an employer of Orion.

20. Defendant L. James Miller has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

21. Defendant L. James Miller had the authority to hire and fire employees.

22. Defendant L. James Miller had the authority to hire and fire Plaintiff.

23. On or around May 16, 2020, Defendant L. James Miller interviewed and hired Plaintiff.

24. On or around September 14, 2021, Defendant L. James Miller fired Plaintiff.

25. Defendant L. James Miller supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. Defendant L. James Miller would notify employees of what work needed to be done when they reported to the job site every day.

27. Defendant L. James Miller determined the rate and method of Plaintiff's payment of wages.

28. Defendant L. James Miller would give Plaintiff an envelope containing cash payments for any hours worked over 40 hours in a given workweek.

29. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant L. James Miller is subject to

individual and personal liability under the FLSA.

30. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

31. Defendants, and each of them, are sued in both their individual and corporate capacities.

32. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

33. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

34. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

35. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

36. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

37. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

38. Plaintiff would communicate with Defendant L. James Miller via telephone.

39. Plaintiff is a covered employee under individual coverage.

40. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

41. The entity Defendant is a construction company.

42. On or around May 16, 2020, Plaintiff Jason Fritch commenced employment with Defendants as a manual laborer.

43. Plaintiff's primary job duties included manual labor duties such as loading and building.

44. Upon hire, Plaintiff was paid at a rate of $13.00 an hour until in or around November 2020.

45. In or around November 2020, Plaintiff received a raise to $14.00 an hour.

46. Plaintiff Jason Fritch routinely worked in excess of 40 hours per week.

47. Plaintiff Jason Fritch was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

48. For example, during the workweek of September 6, 2021, Plaintiff worked approximately 50 hours.

49. When Plaintiff worked over 40 hours, he was paid straight time for overtime hours in cash.

50. Defendants paid Plaintiff in cash, so they did not have to pay the 1.5x overtime wages due to Plaintiff.

51. Defendants paid Plaintiff in cash to skip paying applicable employer taxes for these wages.

52. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

53. Defendants were aware that Plaintiff's working hours routinely exceeded 40

hours.

54. Defendants required Plaintiff to work overtime as a condition of his employment.

55. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

56. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

57. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

58. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

59. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

60. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

61. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

62. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

63. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

64. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

65. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is

entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

66. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

67. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

68. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

69. Defendants have not made a good faith effort to comply with the FLSA.

70. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

　　i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

　　ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 8, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Jason Fritch declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Jason Fritch

Doc ID: 80a81c5bfefd9b92ee06a3c5963c8fab396f68c6