MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:  (520) 624-8886
Fax:    (520) 798-1037
Email: BHoltzman@mcrazlaw.com
Email: JSutton@mcrazlaw.com
         ecfpima@mcrazlaw.com

By:    Barney M. Holtzman, # #016554
       Jana L. Sutton, #032040
       66146/lr

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fritch, an Arizona resident;<br><br>    Plaintiff,<br><br>v.<br><br>Orion Manufactured Housing Specialists, Inc., and Arizona company; and L. James Miller, an Arizona resident;<br><br>    Defendants. | No. CV-21-00509-TUC-JGZ (JR)<br><br>**RESPONSE TO MOTION FOR CONDITIONAL CLASS CERTIFICATION AND NOTICE**<br><br>(Honorable Jennifer G Zipps) |

Defendants Orion Manufactured Housing Specialists, Inc. and L. James Miller ("Defendants") agree to Plaintiff Jason Fritch's request for conditional class certification. Defendants, however, object to Plaintiff's proposed notice. Defendants object as follows to Exhibit 2:

|   |   |
|---|---|
| 1 | ***The Court's neutrality should be stated at the top of the notice***. The notice should contain a statement of the Court's neutrality at the outset. *See Chiang v. Thai Chili 2 Go LLC*, No. CV-19-04801-PHX-JJT, 2020 U.S. Dist. LEXIS 141910, at *18 (D. Ariz. Feb. 18, 2020) ("Defendants ask that the disclaimer that the Court expresses no opinion on the merits of the action be placed on the first page of the notice rather than the last. The Court agrees the disclaimer should be moved to the front page."); *Barrera v. US Airways Grp., Inc.*, No. CV-2012-02278-PHX-BSB, 2013 U.S. Dist. LEXIS 124624, at *23-24 (D. Ariz. Aug. 30, 2013) ("Defendant argues that the notice should be modified to include a statement indicating that the Court has not made any determinations about the merits of this case. The Court agrees that the notice should include such a statement. *See Hoffman v. Securitas Sec. Servs.*, 2008 U.S. Dist. LEXIS 123883, 2008 WL 5054684, at *15 (D. Idaho Aug. 27, 2008) (quoting *Adams v. Inter-Con Sec. Sys. Inc.*, 242 F.R.D. 530, 534 (N.D. Cal. 2007) ('[N]otices typically contain a court caption[,] and the bolded statement of neutrality below the caption should make the court's position clear to potential plaintiffs.'))"). |

As in *Chiang* and *Barrera*, Plaintiff has buried the neutrality statement at the end of the notice. Defendants suggest the shaded box on page 1 contain the following language: "The United States District Court for the District of Arizona expresses no opinion as to the merits of this lawsuit for overtime compensation. This is a Court-authorized notice and is not a solicitation from a lawyer." *See Curphey v. F&S Mgmt. I LLC*, No. CV-19-05904-PHX-JJT, 2021 U.S. Dist. LEXIS 25829, at *15 (D. Ariz. Feb. 10, 2021) (approving the addition of "The Court has taken no position on the merits of this case."); *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1194 (D. Ariz. 2014) (approving notice containing the statement "The Court has not decided whether Caremark did anything wrong.").

***Both Defendants' names should be used throughout the notice.*** Plaintiff filed this lawsuit against both Orion Manufactured Housing Specialists, Inc. and L. James Miller. After initially identifying the Defendants, Plaintiff seeks to use "Orion," the corporate

defendant, as a label for both Defendants. Although such shorthand is often used in court filings where the intended audience are judges and lawyers, the notice is drafted for lay people, who are not trained in the law. In order to avoid confusion, the Court should require the notice to correctly identify all parties to the lawsuit. Defendants request the notice utilize "Orion and Mr. Miller" throughout, rather than simply "Orion."

***The "ATTN:" statement is misleading and grammatically incorrect.*** The "ATTN:" statement at the beginning of the notice could be read to command the recipients to return the consent. The purpose of the notice, however, is to inform the potential opt-in plaintiffs of their ability to join the lawsuit. Therefore, the statement should read: "IF YOU WISH TO PARTICIPATE IN THIS ACTION, YOU MUST RETURN THE ENCLOSED 'CONSENT TO BECOME A PARTY PLAINTIFF' FORM BY TBD." This statement is also grammatically correct in that the "by TBD" properly modifies the returning of the consent.

***Section III contains language unresponsive to the question presented and should be stricken.*** Everything after the first paragraph of Section III should be stricken as it is unrelated to the question asked and simply redundant to Section VII's "How do I join the lawsuit?" The purpose of the notice is to inform the potential opt in plaintiffs of their rights and options, not to unduly influence their decision.

***Notice by email is inappropriate.*** Defendants object to Plaintiff's request to contact potential opt-in plaintiffs by email in addition to first class mail because Defendants do not have email addresses for the potential opt-in plaintiffs and email notice is inappropriate. *See, e.g.*, *Villarreal*, 66 F. Supp. 3d at 1195 ("This Court finds unconvincing Ms. Villarreal's suggestion that notice by USPS via first class mail may be inadequate because the USPS is potentially unreliable. Therefore, plaintiff Villarreal's Notice must be provided by first class mail only. The Court does not authorize notice by electronic delivery."); *Hart v. U.S. Bank NA*, No. CV 12-2471-PHX-JAT, 2013 U.S. Dist. LEXIS 160147, at *19 (D. Ariz. Nov. 8,

2013) ("[T]he Court does not authorize Plaintiff to send notice via email, as Plaintiff requests.").

***Posting the notice and inclusion of the notice in Defendants' workers' paychecks is unnecessary.*** Plaintiff will be sending all potential opt-in plaintiffs a copy of the notice to via first-class mail. There is no reason current employees should also receive notice via posting and/or in their paychecks. The lenient conditional certification standard results in an intentionally broad and overinclusive list of potential opt-in plaintiffs by utilizing a three-year period and broadly defining Collective Members. Because the Court has not made a determination that any specific potential plaintiff is a proper Collective Member, signaling out the current employees for additional notification is inappropriate and unnecessary. Moreover, requiring Defendant to participate in the notice requirement creates the impression of wrongdoing. Defendants' current employees are likely to conclude Defendants did something wrong and that is why the Court has ordered them to post the notice and include the notice in paychecks.

***Defendants should not be required to violate their employees' and former employees' privacy by disclosing personal phone numbers and social security numbers.*** Plaintiff's request for phone numbers and social security numbers of potential opt-in plaintiffs should be denied as an unnecessary violation of these individual's privacy. *See Villarreal*, 66 F. Supp. 3d at 1196. The court reasoned:

> To facilitate notice, Plaintiff Villarreal is seeking to have this Court order Caremark to provide contact information for each of the putative opt-in plaintiffs, including partial social security numbers. *See* Mot. (doc. 36) at 16:15-19 (citation omitted) (listing 8 categories of requested contact information) … Noting the "highly personal and private[]" nature of such information, Caremark objects to the production of private telephone numbers or social security numbers for any of the putative opt-in plaintiffs. Resp. (Doc. 42) at 17:4. Caremark's position is well-taken. *See Taylor*, 2011 U.S. Dist. LEXIS 55590, 2011 WL 2038514, at *5 ("in the interest of protecting class members' privacy, [court] [did] not order defendant to provide

4

> telephone numbers and social security numbers. Such information is sensitive, and putative class members may have provided personal data to defendant with the expectation of confidentiality." (citing *Stickle*, 2009 U.S. Dist. LEXIS 97735, 2009 WL 3241790, *7 (supplying "the phone numbers of thousands of Defendants' current and former employees seems like a needless intrusion into the privacy of these individuals and their families. . . . Similarly, Plaintiffs are not entitled to any social security numbers.") (citations omitted)). *The Court therefore denies Ms. Villarreal's request that it order Caremark to provide the telephone and social security numbers for the putative opt-in plaintiffs.*

*Id.* (emphasis added); *see also Curphey v. F&S Mgmt. I LLC*, No. CV-19-05904-PHX-JJT, 2021 U.S. Dist. LEXIS 25829, at *13–14 (D. Ariz. Feb. 10, 2021) ("Plaintiff agrees to not seek telephone numbers or employee identification numbers. Plaintiff, however, maintains his request for the last four digits of each employee's social security numbers to confirm the opt-ins' identities. The Court will not ask Defendants to violate their employees' informational privacy unnecessarily. Defendants are not required to produce the last four digits of employees' social security number.").

***Potential opt in plaintiffs should be told they have a right not to join the lawsuit.*** Section VII of the notice should include a statement that recipients of the lawsuit have the right not to join the lawsuit. *Kuzich v. HomeStreet Bank*, No. CV-17-02902-PHX-GMS, 2018 U.S. Dist. LEXIS 138076, at *10 (D. Ariz. Aug. 15, 2018) ("The Court also instructs the parties to add 'you have the right to decide not to join this suit and the right to be free of any pressure, harassment, or other coercion from others regarding your decision' to the 'What Are My Choices?' section . . . ."). Defendants request the Court instruct the following language be added as the second paragraph: "You have the right to decide not to join this suit and the right to be free of any pressure, harassment, or the coercion from others regarding your decision."

***Section VIII. should be deleted.*** The notice's instruction to potential opt-in plaintiffs to contact Plaintiff's counsel for more information should be deleted. *See Barrea*, 2013 U.S.

5

1  Dist. LEXIS 124624, at *28-29 ("This section advises individuals that they may contact
2  Plaintiff's counsel regarding deadlines for filing a consent to sue or questions about the
3  lawsuit. The Court will direct Plaintiff to delete this section because it could be construed as
4  suggesting that potential plaintiffs should call Plaintiff's counsel. *See Wertheim v. State of*
5  *AZ*, 1993 U.S. Dist. LEXIS 21292, 1993 WL 603552, at *6 (D. Ariz. Sept. 30, 1993)
6  (directing plaintiff in FLSA putative collective action to omit the last paragraph of the notice
7  about contacting plaintiff's law firm for more information). Alternatively, Defendants'
8  counsel's contact information should be provided to potential opt in plaintiffs. "[C]ases in
9  this District also hold that granting Plaintiff's counsel exclusive access to potential collective
10 action members could provide them "an avenue to mislead potential collective action
11 members in an attempt to secure their consent to join the lawsuit." *Chiang*, 2020 U.S. Dist.
12 LEXIS 141910, at *20-21 (D. Ariz. Feb. 18, 2020) (ordering addition of defense counsel's
13 contact information); *see also Brown v. Pegasus Research Grp. LLC*, No. CV-16-03875-
14 PHX-GMS, 2017 U.S. Dist. LEXIS 86356, at *8 (D. Ariz. June 6, 2017) ("the notice shall
15 include [Defendant's] counsel's contact information. *See Belcher v. Shoney's, Inc.*, 927 F.
16 Supp. 249, 254 (M.D. Tenn. 1996) (including the defense counsel's contact information in
17 the notice to the potential plaintiffs).").

18 　　　　Additionally, if the Court permits Section VIII to remain, it should order that the last
19 sentence of Section VII be removed. This instruction to contact Plaintiff's counsel is not
20 only improper, s*ee Barrea*, *supra.*, but is redundant. Such repetition could be viewed as
21 requiring potential opt in plaintiffs to contact Plaintiff's counsel.

22 　　　　The notice should be timely, accurate, and informative of the potential opt-in
23 plaintiffs' rights. It should not influence the recipients, suggest wrongdoing by the
24 Defendants, or invade the recipients' privacy. Defendants' requested changes and additions
25 will ensure the notice is proper and fair to Defendants.

26

DATED: February 17, 2022	MESCH CLARK ROTHSCHILD

By */s/ Barney M. Holtzman*
Barney M. Holtzman
Jana L. Sutton
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2022, I electronically filed the foregoing with the U.S. District Court Clerk using the CM/ECF system which will send electronic notice to:

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Zoldan Law Group, PLLC
5050 N. 40TH St., Suite 260
Phoenix, AZ 85018
Tel & Fax 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
*Attorneys for Plaintiff*


 */s/ Lisandra R. Ruiz*

2908199

7