Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Fritch**, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>**Orion Manufactured Housing Specialists, Inc.**, an Arizona company; and **L. James Miller,** an Arizona resident;<br><br>Defendants. | Case No. 4:21-cv-00509-JGZ-JR<br><br><br>**PLAINTIFF'S REPLY ISO MOTION FOR CONDITIONAL CERTIFICATION**<br><br>**(Assigned to the Hon. Jennifer G. Zipps)** |

Plaintiffs, by and through undersigned counsel, hereby files his Reply in Support of his Motion for Conditional Certification. This Reply is supported by the following Memorandum of Points and Authorities and the Court's record in this matter.

For clarity and simplicity Plaintiffs will respond to Defendants' arguments in the same order as in their Response.

**The Court's neutrality should be stated at the top of the notice.** No objection.

**Both Defendants' names should be used throughout the notice.** Plaintiffs will agree to this request as long as the identities read "Orion and/or L. James Miller." Just an

'and' may confuse potential opt-ins and they may believe that because they worked for the company Orion Manufactured Housing Specialists, Inc. they did not also work for L. James Miller.

"The [FLSA] defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit states the definition "is to be given an expansive interpretation." *Lambert v. Ackerley*, 180 F.3d 997, 1011–12 (9th Cir. 1999). Where a corporate officer "exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)." *Ader v. SimonMed Imaging Inc.*, No. CV-17-02085-PHX-JJT, 2020 WL 3078350, at *15 (D. Ariz. June 10, 2020).

Additionally, the parties are sued jointly and severally so the "and/or" is more representative of the identification of the Defendants.  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Boucher v. Shaw*, 572 F.3d 1087, 1094.

**The "ATTN:" statement is misleading and grammatically incorrect.**  No objection.

**Section III contains language unresponsive to the question presented and should be stricken.**  No objection.

**Notice by email is inappropriate.**   As argued in the motion, email is a very acceptable form of receiving this notice.  Multiple Courts in this district have authorized

mailing along with emailing the notices to potential opt-ins. Workers in this field or "manual laborers" are occasionally transient individuals, who do not keep a constant home address. It is less likely that they would change their email address rather than change their home address.

> Recently the Ninth Circuit held a single mailed notice, along with the placement of information posters in the buildings where employees worked, was not the best practicable under the circumstances, finding "it particularly problematic that, despite concerns that former employees in particular might be difficult to reach by mail, the settlement provided no other means of reaching former employees," and "when at least 12% of the mailed notices were ultimately determined to be undeliverable—meaning those class members had not received notice—still no additional means of notice reasonably calculated to reach those class members was attempted." *Roes*, 944 F.3d at 1046. In *Roes*, the class members were former and current employees in adult entertainment clubs, and "[a]lthough the mailed notice was supplemented with posters that were hung in the defendant night clubs, those posters were likely to be seen only by class members who were still working at the nightclubs, and those class members are also the precise group of people for whom the defendants likely had a current address such that mail notice could successfully be effected." *Id*. Further, "[a]s to those former employees for whom the claims administrator *was* able to identify a valid address, the lack of reminder notices is particularly relevant, given that the posters would serve no function." *Id*. at 1047. The Ninth Circuit held that "[i]n sum, the notice process was not 'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement, because the 'circumstances' included the district court's and parties' belief that class members were 'transient' and thus might be difficult to reach by mail, and the posters also were not reasonably calculated to reach all of the absent class members who could not be notified by mail or to serve as a reminder to those who did receive the single mailed notice." *Id*.

*Beltran v. Olam Spices & Vegetables, Inc*., 2021 U.S. Dist. LEXIS 105685, *65-67.

**Posting the notice and inclusion of the notice in Defendants' workers' paychecks is unnecessary.** As argued in *Roes* and *Beltran*, the mailing of the notice, *along with the placement of information posters in the building…*was still not enough. By not including the postings and inclusion with paychecks, which was still not enough above, would result in an even more inadequate notice to potential opt-ins. The goal is to give notice to as

many individuals who fit into the definition, not to limit those who only have a stable mailing address. Defendants have already admitted in their Answer that they failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4." *See* Dkt 11, 15 a pp. 64. This is an extension of giving workers' notice under the FLSA.

**Defendants should not be required to violate their employees' and former employees' privacy by disclosing personal phone numbers and social security numbers.** No objection to social security number. Plaintiffs' counsel uses the background search BeenVerified to find someone's email and mailing address. With this background search, someone can be looked up by phone number. These phone numbers would only be for counsels' eyes only and only be used to find a person's email or phone number. The phone numbers are very helpful with common names where there can be thousands of John Smiths.

**Potential opt in plaintiffs should be told they have a right not to join the lawsuit.** No objection.

**Section VIII. should be deleted.** No objection.

After the Court rules on this motion, Plaintiffs will send Defendants a fresh copy of the notice before sending it out to potential opt-ins.

RESPECTFULLY SUBMITTED February 17, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2022, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Ashley Peschke