# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fritch, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Orion Manufactured Housing Specialists, Inc., an Arizona company; and L. James Miller, an Arizona resident,<br><br>Defendants. | No. CV-21-00509-TUC-JGZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

## I.  Background

Pending before the Court is Plaintiff's Motion for Conditional Certification (Doc. 12). The Plaintiff in this action, Jason Fritch, alleges that he was a non-exempt full-time employee who worked for Defendants in 2020 and 2021. He alleges that Defendants Orion Manufactured Housing Specialists, Inc. and L. James Miller ("Defendants" when referred to collectively) created a scheme where they would pay 40 hours on a regular paycheck with applicable taxes taken out and then, for any hours worked over 40, would pay employees in cash at their regular pay rate.

On December 8, 2021, Plaintiff brought the pending action in which he alleges Defendants actions violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. On January 18, 2022, Plaintiff filed the pending motion requesting conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA consisting of:

> All person who work[ed] for Defendant Orion Manufactured Housing Specialists, Inc., and/or L. James Miller; who work[ed] over 40 hours in any given workweek as a past or present worker, and who only received straight time for all hours worked over 40 in a given workweek.

*Motion* (Doc. 12), p. 1. In addition to seeking conditional certification of the class, Plaintiff has also submitted a proposed Notice of Collective Action Lawsuit Against Defendants Orion Manufactured Housing Specialist, Inc., and L. James Miller (hereinafter "Proposed Notice") that is intended to give notice to potential opt-in plaintiffs. *Id.*, pp. 7-10; Ex. 2.

In response, Defendants agree to Plaintiff's request for conditional class certification. However, Defendants object to portions of the Proposed Notice, contending that: (1) the Court's neutrality should be stated at the top of the notice; (2) both Defendants' names should be used throughout the notice; (3) the "ATTN:" statement is misleading and grammatically incorrect; (4) Section III of the notice contains language that should be stricken as unresponsive to the question presented; (5) notice by email is inappropriate; (6) posting the notice and inclusion of the notice in Defendants' workers' paychecks is unnecessary; (7) Defendant should not be required to disclose former employees' personal phone numbers and social security numbers; (8) potential opt-in plaintiffs should be told that they have a right not to join the lawsuit; and (9) Section VIII of the Proposed Notice should be deleted. *Response* (Doc. 24), pp. 2-6. In reply, Plaintiff states he has no objection to many of Defendants' proposals, but argues against others. *Reply* (Doc. 25), pp. 1-5. Each is addressed below.

**II.   Discussion**

    **A.   The Court's neutrality should be stated at the top of the notice**

Defendants suggest the shaded box on page 1 of the Proposed Notice contain the following language:

> The United States District Court for the District of Arizona expresses not opinion as to the merits of this lawsuit for overtime compensation. This is a Court-authorized notice and is not a solicitation from a lawyer.

*Response*, p. 2. The Plaintiff has no objection. *Reply*, p. 1. The Court therefore recommends Defendants' language be included in the Proposed Notice.

**B.      Both Defendants' names should be used throughout the notice**

Defendants request that, to avoid confusion, they not be referred to collectively as "Orion" in the Proposed Notice, but that the notice refer to them as "Orion and Mr. Miller." *Response*, pp. 2-3. Plaintiff agrees to the request so long as the Defendants are identified as "Orion and/or L. James Miller." *Reply*, pp. 1-2. Although the contours of liability are not entirely clear, the Ninth Circuit has recognized "[t]hat the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Boucher v. Shaw*, 572 F.3d 1087, 1094 (9th Cir. 2009)). Because Defendants are potentially jointly and severally liable under the FLSA, Plaintiff's request is appropriate. The Court therefore recommends that the Proposed Notice refer to Defendants as "Orion and/or L. James Miller."

**C.      The "ATTN:" statement is misleading and grammatically incorrect**

Defendants contend that the "ATTN:" statement at the beginning of the Proposed Notice could be read as commanding the recipients to return the consent. As such, they propose that the statement read: "IF YOU WISH TO PARTICIPATE IN THIS ACTION, YOU MUST RETURN THE ENCLOSED 'CONSENT TO BECOME A PARTY PLAINTIFF' FORM BY TBD." *Response*, p. 3.  Plaintiff does not object to Defendants' proposal and the Court recommends that the "ATTN:" statement be amended.

**D.      Section III of the notice contains language that should be stricken**

Defendants contend that everything after the first paragraph of Section III, which is titled "Why Did I Receive This Notice?," is unrelated to the question asked or redundant of information provided in Section VII. Plaintiff has no objection to the change and the Court recommends that the material following the first paragraph of Section III be removed from the Proposed Notice.

**E.      Notice by email is inappropriate**

Defendants object to Plaintiff's request to contact potential opt-in plaintiffs by email because Defendants do not have email addresses for the potential opt-in plaintiffs and

because email notice is inappropriate. *Response*, p. 3. However, as in *Scales v. Information Strategy Design Inc.*, 356 F.Supp.3d 881 (D. Ariz. 2018), the Court finds no reason to limit notice to only first-class mail. As Plaintiff notes, Defendants' employees are manual laborers and it is reasonable to believe that some of them might be transient individuals who might best be contacted via email. As Plaintiff points out, under similar circumstances, the Eastern District of California offered the following:

> Recently the Ninth Circuit held a single mailed notice, along with the placement of information posters in the buildings where employees worked, was not the best practicable under the circumstances, finding "it particularly problematic that, despite concerns that former employees in particular might be difficult to reach by mail, the settlement provided no other means of reaching former employees," and "when at least 12% of the mailed notices were ultimately determined to be undeliverable—meaning those class members had not received notice—still no additional means of notice reasonably calculated to reach those class members was attempted." *Roes* [*, 1-2 v. SFBSC Mgmt., LLC*], 944 F.3d [1035] at 1046 [(9th Cir. 2019)]. In *Roes*, the class members were former and current employees in adult entertainment clubs, and "[a]lthough the mailed notice was supplemented with posters that were hung in the defendant night clubs, those posters were likely to be seen only by class members who were still working at the nightclubs, and those class members are also the precise group of people for whom the defendants likely had a current address such that mail notice could successfully be effected." *Id*. Further, "[a]s to those former employees for whom the claims administrator was able to identify a valid address, the lack of reminder notices is particularly relevant, given that the posters would serve no function." *Id*. at 1047. The Ninth Circuit held that "[i]n sum, the notice process was not 'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement, because the 'circumstances' included the district court's and parties' belief that class members were 'transient' and thus might be difficult to reach by mail, and the posters also were not reasonably calculated to reach all of the absent class members who could not be notified by mail or to serve as a reminder to those who did receive the single mailed notice." *Id*.

*Beltran v. Olam Spices and Vegetables, Inc.*, No. 1:18-cv-01676-NONE-SAB, 2021 WL 2284465 at *21 (E.D. Cal. June 4, 2021). Many of the concerns raised in *Beltran* apply with equal force here. Many of Defendants' former employees may be difficult to reach by mail and supplementing notice via email is therefore reasonably calculated to reach class

- 4 -

members who otherwise might not receive notice. The Court therefore recommends that notice by email be permitted.

### F. Posting the notice and inclusion in workers' paychecks is unnecessary

Defendants contend that notice via first-class mail is sufficient and that "[t]here is no reason current employees should also receive notice via posting and/or in their paychecks." The Court partially agrees. By posting notice at the workplace, current employees who are potential opt-in plaintiffs are more likely to receive notice. However, the inclusion of notice with the paychecks of every current employee is likely overbroad. Presumably, many current employees are not potential opt-in plaintiffs. The Court also agrees that such notice would likely lead current employees who are not potential opt-in plaintiffs to believe Defendants are guilty of wrongdoing in relation to their wages, something that has not been alleged. Thus, as Defendants contend, providing notice in paychecks would be inappropriate. Additionally, home and email addresses for any current employees are likely known and any potential opt-in plaintiffs who are also current employees will get notice via those avenues rendering inclusion in paychecks unnecessary. As such, the Court recommends that notice be posted at the workplace, but that Defendants not be required to provide notice in the paychecks of current employees.

### G. Defendant should not be required to disclose former employees' personal phone numbers and social security numbers

Defendants contend that Plaintiff's request for phone numbers and social security numbers of potential opt-in plaintiffs amounts to an unnecessary violation of privacy. Plaintiff has no objection to the non-disclosure of social security numbers, but explains that the telephone numbers would be for counsel's eyes only and would be used for the sole purpose of finding email and mailing addresses. The use of the telephone numbers as described by Plaintiff would aid in identifying potential opt-in plaintiffs and in avoiding directing notice to individuals who might share a name with a potential opt-in plaintiff, but who is not in that category. Thus, the Court recommends that Defendants provide telephone numbers for prospective opt-in plaintiffs. The Court further recommends the entry of a protective order limiting the use of the telephone numbers to the purpose described by

Plaintiff.

### H. Potential opt-in plaintiffs should be told they have a right not to join the lawsuit

Defendants request that Section VII of the Proposed Notice be amended to include a statement that recipient of the lawsuit have the right not to join the lawsuit. This appears to be a standard course of action, *see Kuzich v. HomeStreet Bank*, No. CV-17-02902-PHX-GMS, 2018 WL 3872191 (D. Ariz. Aug. 15, 2018), and Plaintiff has no objection to the inclusion of such a statement.

### I. Section VIII of the Proposed Notice should be deleted

Defendant contends that the Proposed Notice's Section VIII instruction to potential opt-in plaintiffs to contact Plaintiff's counsel for more information should be deleted. Plaintiff has no objection and the Court therefore recommends that the section in question be deleted.

## III. Recommendation

Based on the foregoing, the Magistrate Judge RECOMMENDS that the District Court, after its independent review, GRANT IN PART and DENY IN PART Plaintiff's Motion for Conditional Certification (Doc. 12). Specifically, the Magistrate Judge recommends that the class be conditionally certified and that the Proposed Notice be amended as described above.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Replies shall not be filed without first obtaining leave to do so from the District Court. If any objections are filed, this action should be designated case number: CV 21-00509-TUC-JGZ. Failure to timely file objections to any factual or legal

determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 27th day of April, 2022.

_Jacqueline M. Rateau_
Honorable Jacqueline M. Rateau
United States Magistrate Judge