**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fritch, | No. CV-21-00509-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Orion Manufactured Housing Specialists Incorporated, et al., | |
| Defendants. | |

This case arises from Defendants Orion Manufactured Housing Specialists, Inc. and L. James Miller's admitted failure to pay overtime to their employee, Plaintiff Jason Fritch, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. On September 15, 2022, Fritch filed the pending Motion for Summary Judgment, which is fully briefed. (*See* Docs. 67–68, 71–73.) The only issue to be determined is damages, including how many hours Fritch worked and the amount of wages owed to him. (*See* Docs. 68 at 1–2; 71 at 2–3.)

On February 13, 2023, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation (R&R), recommending the Court deny Fritch's Motion for Summary Judgment. (Doc. 78.) Fritch filed an Objection, arguing the Magistrate Judge erred by finding that an undisclosed payroll ledger would be admissible at trial. (Doc. 82.) Orion Manufactured Housing Specialists, Inc. and L. James Miller filed a Response. (Doc. 86.) After an independent review of the record and R&R, the Court will overrule Fritch's Objection, adopt in part the R&R, and deny Fritch's Motion for Summary Judgment.

## I. Legal Standard

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider newly raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

Summary judgment will be granted when the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* There is no genuine issue of material fact when a party fails to establish an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322–23.

At summary judgment, the court must not weigh the evidence but determine whether there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 294. A court presented with a motion for summary judgment must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

//

**II.     Background**[1]

From about May 2020 to August 2021, Jason Fritch worked as a full-time employee for Orion Manufactured Housing Specialists, Inc. and its President L. James Miller (collectively Orion). (Docs. 68 ¶¶ 1–2; 72 ¶¶ 1–2.) Orion's office manager and bookkeeper is Nancy Brown. (Docs. 68 ¶ 3; 72 ¶ 3.) When Brown began working for Orion about 25 years ago, Miller's wife instructed Brown to pay employees in paychecks for hours worked up to 40 hours per week and pay employees in cash for all hours worked over 40 hours per week. (Docs. 68 ¶¶ 4–5; 72 ¶¶ 4–5.) Orion kept track of the time that employees worked on timecards but did not put overtime hours worked on employee paystubs. (Docs. 68 ¶¶ 6, 10; 72 ¶¶ 6, 10.) After he was served with this lawsuit, Miller shredded all the timecards in part because he did not want to produce them in litigation. (Docs. 68 ¶¶ 8–9; 72 ¶¶ 8–9.)

Orion knew it was illegal not to pay its employees time-and-a-half for overtime hours worked. (Docs. 68 ¶ 12; 72 ¶ 12.) Orion paid overtime hours in cash rather than in paychecks in an attempt to sidestep the law. (Docs. 68 ¶ 14; 72 ¶ 14.) In doing so, Orion failed to pay any state or federal taxes on all cash payments to employees. (Docs. 68 ¶ 15; 72 ¶ 15.) Fritch routinely worked over 40 hours per week. (Docs. 68 ¶ 19; 72 ¶ 19.) Orion violated the FLSA by failing to pay Fritch time-and-a-half for overtime hours worked. (Docs. 68 ¶ 20; 72 ¶ 20.) When Fritch worked over 40 hours in a week, Orion would pay him straight-time in cash for the overtime hours. (Docs. 68 ¶ 21; 72 ¶ 21.)

During discovery, Orion produced Fritch's paystubs, W-2 Forms, and a two-page spreadsheet entitled "PAYROLL RECORDS FOR JASON FRITCH," which included columns for week worked, check amount, hours worked, and date paid. (Doc. 68-6; *see also* Docs. 68 ¶¶ 23–24; 72 ¶¶ 23–24.) Orion admits it is in violation of 29 C.F.R. § 516.2(a)(7) because it does not have records of the hours Fritch worked per day. (Docs. 68 ¶ 25; 72 ¶ 25.) Orion has also admitted liability under the FLSA, conceding that no exemption applies in this case, Fritch is entitled to liquidated damages, and it acted

---

[1] The facts stated below are undisputed unless otherwise noted.

willfully. (Doc. 68-7 at 4.)

Orion asserts the two-page payroll spreadsheet is an excerpt of Orion's payroll ledger and that Brown created and maintained the ledger as Fritch submitted his timecards. (Docs. 82-1 at 33–34; 86 at 5–6.) Fritch asserts the two-page payroll spreadsheet was created just for this litigation and was not created during the weeks Fritch worked. (Docs. 68 ¶ 28; 72 ¶ 28.) Fritch also asserts Orion failed to disclose the payroll ledger. (Doc. 82 at 3.) Orion implies that the ledger was available for Fritch to examine. (Doc. 86 at 5.)

Fritch estimates that Orion owes him for 500 hours of overtime and 151.5 hours of overtime for which he received no pay at all. (Doc. 68 ¶¶ 29–30.) Fritch asserts he received no pay for working unscheduled Saturday shifts and driving to and from job locations. (Docs. 68 ¶¶ 32–33.) Orion asserts that Fritch worked 348.5 hours of overtime and that Fritch has already agreed that he received straight-time pay in cash for any overtime hours worked. (Doc. 86 at 2–3.)

### III. Discussion

In *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court recognized the difficult bind employees often face when bringing wage-and-hour claims against employers that failed to maintain proper timekeeping records. 328 U.S. 680, 687 (1946). To address this problem, the Court established a burden-shifting framework for actions in which the employer has kept inadequate or inaccurate records. *Id.* at 687–88. First, the employee must produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. Next, the employer must produce "evidence of the precise amount of work performed" or "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688.

In his Objection, Fritch argues the Magistrate Judge erred by confusing the undisclosed payroll ledger with the disclosed payroll spreadsheet and concluding that the

undisclosed ledger would be admissible at trial. (Doc. 82 at 8–10.) Fritch argues that, under the *Mt. Clemens* burden-shifting framework, his estimate of hours worked is entitled to a presumption, which Orion cannot rebut at trial because its payroll ledger and spreadsheet are inadmissible. (*Id.*) Because Orion has no records to rebut his estimate, Fritch contends there is no genuine dispute of material fact for trial. (*Id.* at 10–11.)

In its Response, Orion argues that inconsistencies in Fritch's sworn statements raise a genuine dispute of material fact that must be resolved at trial. (Doc. 86 at 3, 6.) Orion also argues that its payroll ledger is admissible as a business record under Federal Rule of Evidence 806(6) and its payroll spreadsheet, as an excerpt of the ledger, is admissible as a printout of business records under Rule 806(6) and a summary of voluminous records under Rule 1006. (*Id.* at 5–6.) Orion contends that these admissible documents rebut Fritch's estimate of hours worked and raise a genuine dispute of material fact for trial. (*Id.*)

The Court concludes that the inconsistencies in Fritch's sworn statements preclude summary judgment. In his Verified Complaint, Fritch stated that Miller would give him an envelope containing straight-time cash payments for "any hours worked over 40 hours in a given workweek." (Doc. 1 ¶¶ 28, 49; *see also* Doc. 11 ¶¶ 32, 55.) However, in an affidavit submitted in support of his Motion for Summary Judgment, Fritch states Miller did not pay him straight-time for all overtime hours, specifically when he worked unscheduled Saturday shifts and drove to and from job locations. (Doc. 68-4 ¶¶ 7–9.) Orion asserts—consistent with Fritch's Verified Complaint—that it paid Fritch straight-time for all overtime hours worked. (*See* Doc. 1 ¶¶ 28, 49; 86 at 3.) The conflict between Fritch's sworn statements calls into question the reasonableness of Fritch's most recent estimate of hours worked. *See Mt. Clemens*, 328 U.S. at 687–88. A genuine dispute of material fact thus remains as to whether Fritch worked some overtime hours unpaid or received straight-time cash payments for all overtime hours worked.

The Court makes no ruling on the admissibility of the ledger or spreadsheet.[2] At

---

[2] The Court also declines to consider the new evidence and arguments related to the

the summary judgment stage, a court may exclude evidence if it is clear that the evidence cannot be presented in any admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) ("[T]he nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). The parties' filings on summary judgment do not provide a sufficient basis for the Court to determine that Orion's payroll ledger and spreadsheet, or the information contained therein, cannot be admitted at trial.

Accordingly, **IT IS ORDERED:**

1. Fritch's Objection (Doc. 82) is **overruled**.

2. The Report and Recommendation (Doc. 78) is **adopted** consistent with this Order**.**

3. Fritch's Motion for Summary Judgment (Doc. 67) is **denied**.

4. A telephonic Pretrial Hearing is set for **Thursday, June 1, 2023**, **at 1:30 p.m.** Parties will receive a notification with call-in instructions prior to the Pretrial Hearing. The parties shall be prepared to discuss the setting of a trial date.

5. The parties' Joint Proposed Pretrial Order is due **30 days** from the date of this Order. The Court's Joint Proposed Pretrial Order form can be found at: https://perma.cc/SK55-JKK4.

Dated this 25th day of May, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

payroll ledger and spreadsheet, which the parties raised in the Objection and Response to the R&R. *See Brown*, 279 F.3d at 744. These evidentiary and spoliation issues are best left for resolution by pretrial motions.

- 6 -