MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:   (520) 624-8886
Fax:      (520) 798-1037
Email: BHoltzman@mcrazlaw.com
Email: JSutton@mcrazlaw.com
        ecfdc@mcrazlaw.com

By:    Barney M. Holtzman, # #016554
       Jana L. Sutton, #032040
       66146-1/rno

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fritch,<br><br>                    Plaintiff,<br><br>v.<br><br>Orion Manufactured Housing Specialists,<br>Inc., et al.,<br><br>                    Defendants. | No. CV-21-00509-TUC-JGZ (JR)<br><br>**JOINT MOTION FOR APPROVAL OF PROPOSED FLSA SETTLEMENT**<br><br>(Honorable Jacqueline M. Rateau) |

      Defendants Orion Manufactured Housing Specialists and Jim Miller, and Plaintiff Jason Fritch respectfully request that the Court approve the parties' proposed settlement.

## I.      BACKGROUND

      Plaintiff filed his verified complaint under the Fair Labor Standards Act ("FLSA") on December 8, 2021 (Doc. 1).  On January 20, 2022, he amended his complaint to represent "on behalf of himself and all other similarly situated Collective Members." (Doc. 11).  No additional plaintiffs ultimately opted in to this lawsuit.  Defendants admitted they paid Plaintiff straight time for all hours he worked and did not pay him the

required half-time for the hours Plaintiff worked over 40 in a week.  Plaintiff disputed whether Defendants accounted for every hour Plaintiff worked and alleged he was owed additional time-and-a-half for those allegedly undocumented work hours.   Although liability is undisputed, in an effort to avoid the costs and uncertainty of trial regarding damages and avoid the cost and expense of trial, the parties have agreed to resolve this dispute on the terms set forth in the attached Settlement Agreement.  (**Exhibit A**.)

The Settlement Agreement resolves all claims asserted, and all claims that could have been asserted in this action against Defendants under the FLSA and was crafted at arm's length by experienced counsel on both sides. Defendants have agreed to pay the Plaintiff $7,500 for his alleged overtime compensation. This amount is exclusive of Plaintiff's costs and attorney fees.  The parties have agreed they will petition this Court to assess reasonable costs and fees for this litigation.

The settlement amount represents a recovery that is fair, reasonable, and adequate under the FLSA, and the parties jointly and respectfully request the Court approve it.

## II.    ANALYSIS

Although "the Court does not rule on private settlement negotiated between parties," when a Plaintiff files an FLSA action "the parties must seek approval of their stipulated settlement in order to ensure enforceability of the Settlement Agreement." *Hand v. Dionex Corp.*, 2007 U.S. Dist. LEXIS 87026, *3 (D. Ariz. Nov. 9, 2007) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *cf. Dent v. Cox Commc ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007).

In reviewing an FLSA collective action settlement, courts generally apply the same standard used in reviewing a settlement of a Rule 23 class action. *See, e.g.*, *Su v. Elec. Arts, Inc.*, No. 6:05-cv-131, 2006 WL 4792780, at *3 (M.D. Fla. 2006) ("In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions ..."); *Camp v. Progressive Corp.*, 2004 WL 2149079, at *4 (E.D. La. Sept. 23, 2004) (same). The Court must also "ensure that private FLSA settlements are appropriate given the FLSA's purposes and

1  that such settlements do not undermine the Act's purposes." *Goudie y. Cable Commc ns,*
2  *Inc.*, No. CV 08-507—AC, 2009 WL 88336, *1 (D. Or. Jan. 12, 2009).

3      Accordingly, in reviewing the totality of the circumstances of an FLSA settlement,
4  the Court may consider some or all of the following case specific factors: the strength of
5  plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the
6  amount offered in settlement; the extent of discovery completed; the experience and
7  views of counsel; and the reaction of any class members to the proposed settlement.
8  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Hanlon v.*
9  *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Based on these factors, the Court
10  should approve this FLSA settlement.

11      As Defendants have never disputed liability in this case, the parties agree Plaintiff
12  would succeed on the merits of his claim with regard to liability. However, counsel for
13  both parties, who are experienced in FLSA cases, have assessed the continued risks of the
14  remaining dispute regarding damages, as well as the costs of resolving that dispute.

15      Defendants acknowledge they owe Plaintiff $4,549.76. This total is based on
16  Defendants' records, which show Plaintiff worked 348.5 hours for which he was paid
17  straight time rather than time-and-a-half, and Defendants admit that Plaintiff is entitled to
18  liquidated damages (double) that amount. (Doc. 71 at 3.)

19      Plaintiff alleges he is owed approximately $10,823.54: "The parties admit that
20  Plaintiff was paid cash for the straight time for the 348.5 and is owed .5 * 2 (liquidated
21  damages) to equal $4,800.[1] Plaintiff estimates that he is also owed an additional
22  estimated 151.5 hours of overtime that he was not paid anything for. Therefore, at an
23  average hourly rate (16 weeks at $12.00 an hour, 19 weeks at $13.00 an hour, and 31
24  weeks at $14.00 an hour) equals around $13.25 an hour. 151.5 hours * $19.88 (OT rate)

25
26
27  [1]     Plaintiff's number ($4,800) varies slightly from Defendants ($4,549.76) because
28  Defendants used Plaintiff's exact hourly rate to calculate the amount owed, whereas
    Plaintiff used an average across his period of employment.

3

1  = $3,011.82 * 2$ (liquidated) = $6,023.64 + $4,800 = $10,823.64." (Plaintiff's Fifth
2  Supplemental Disclosure Statement.)

3      While approximately half Plaintiff's alleged damages are undisputed, the
4  $6,273.78 difference between the amount of damages Defendants concede and the
5  additional amount of damages Plaintiff alleges he is owed is significantly less than the
6  estimated cost to present evidence regarding damages to a jury over the course of the
7  previously scheduled three-day trial. Accordingly, the settlement amount of $7,500, plus
8  attorney fees and costs as will be determined by this Court, reflects an objectively
9  reasonable compromise between Defendants' best day in court and Plaintiff's best day in
10 court, while avoiding the cost and expense of trial.

11     There are no factors for evaluating the proposed settlement that weigh against
12 approval.  There is no plaintiff who objects to the settlement.  Counsel for all parties
13 agree it is a reasonable compromise between the parties' respective estimates of damages,
14 and counsel likewise agree, through arm's length negotiations, that the remaining cost of
15 trial would eclipse the amount remaining in dispute.  The settlement also preserves
16 Plaintiff's right to reasonable attorneys' fees in this matter.  A trial would therefore be
17 wasteful and not in the interest of either side and would not further the goals of the
18 FLSA.

19 **III.   CONCLUSION**
20     The parties' proposed settlement is fair and reasonable, and the parties jointly
21 request that the Court approve it.

22

23 DATED:  July 18, 2023                    MESCH CLARK ROTHSCHILD

24

25                                    By /s/Barney M. Holtzman
26                                        Barney M. Holtzman
27                                        Jana L. Sutton
                                         *Attorneys for Defendants*
28

4

1

2                                     WEILER LAW PLLC

3

4                                     By: /s/Jason Barrat, with permission
                                              Jason Barrat
5                                             James Weiler
                                              Kelsey Whalen
6                                             Jessica Miller
                                              *Attorneys for Plaintiff*
7

8                          **CERTIFICATE OF SERVICE**

9

10   I certify that on July 18, 2023, I electronically filed the foregoing with the U.S. District
     Court Clerk using the CM/ECF system which will send electronic notice to:
11

12   Jason Barrat
     James Weiler
13   Kelsey Whalen
     Jessica Miller
14   Weiler Law PLLC
     5050 N. 40th St., Suite 260
15   Phoenix, AZ 85018
     jbarrat@weilerlaw.com
16   jweiler@weilerlaw.com
     kwhalen@weilerlaw.com
17   jmiller@weilerlaw.com
18   *Attorneys for Plaintiff*

19

20

21     /s/Rene Norwood-Owens

22

23

24

25

26

27

28

                                           5