Jason Barrat; AZ Bar No. 029086
James Weiler; AZ Bar No. 034371
Kelsey Whalen; AZ Bar No. 037043
Jessica Miller; AZ Bar No. 031005
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
www.weilerlaw.com
jbarrat@weilerlaw.com
jweiler@weilerlaw.com
kwhalen@weilerlaw.com
jmiller@weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Fritch**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Orion Manufactured Housing Specialists, Inc.**, an Arizona company; and **L. James Miller,** an Arizona resident;<br><br>Defendants. | Case No. 4:21-cv-00509-JGZ-JR<br><br>**PLANTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**(Assigned to the Hon. Jennifer G. Zipps)** |

In accordance with F.R.Civ.P. 54, LRCiv 54.2, 29 U.S.C. § 216(b), Dkt. 92, Dkt. 92-1 (the "settlement agreement"), and Dkt. 93, Plaintiff Jason Fritch, by and through undersigned counsel, files this Motion for Attorneys' Fees and Costs. As set forth below, attorneys' fees and costs are warranted, and are in fact required, because Plaintiff was the prevailing party. In addition, pursuant to the Parties settlement agreement, the parties have

negotiated that Plaintiff will file this motion with the Court. This Motion is further supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed his Verified Complaint (Dkt. 1) on December 8, 2021, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"). Plaintiff then amended his Complaint to a Collective Action (Dkt. 11). After about 20 months of litigation, including multiple motions and objections, negotiations, correspondence, and depositions, the Parties settled this case a little over a month before trial.

On July 18, 2023, the Parties filed a joint motion for approval of the proposed FLSA Settlement. Dkt. 92. On July 26, 2023, the Court granted that motion and allowed Plaintiff to file this instant motion for attorneys' fees and costs.

### II. ELIGIBILITY & ENTITLEMENT

#### 1. Attorneys' fees and costs are required because Plaintiff is the prevailing party.

The FLSA contains a fee-shifting provision that requires defendants to pay attorneys' fees and costs to a prevailing plaintiff. *Haworth v. State of Nev.*, 56 F.3d 1048, 1050 n.1 (9th Cir. 1995); *also see* 29 U.S.C. § 216(b).

Justice Thomas's opinion held that a plaintiff who recovers any amount, whether compensatory or nominal, qualifies as a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). "If the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." *Texas State Teachers*

*Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92, 109 S. Ct. 1486, 1493, 103 L. Ed. 2d 866 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The touchstone of the "prevailing party" inquiry is a material alteration of the legal relationship of the parties in a manner that Congress sought to promote in the fee statute. *Id*.

The District of Arizona further specifies that when the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff—even without a judgment—that plaintiff becomes the prevailing party and is entitled to fees. *Orozco v. Borenstein*, No. CV-11-2305, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).

Here, Defendants agreed to pay $7,500 to Plaintiff in a settlement and pay reasonable attorneys' fees and costs. Therefore, Plaintiff is the prevailing party and is eligible and entitled to attorneys' fees and costs.

**2.   Plaintiff's attorneys are entitled to fees for preparing this motion and reply.**

Plaintiff's attorneys are also entitled to their fees for the preparation of this attorneys' fees application. A party that is entitled to an award of attorney fees is entitled to compensation for time expended on an application for attorney's fees. *Pure Wafer Inc. v. City of Prescott*, No. 13-CV-8236, 2014 WL 3797850, at *11 (D. Ariz., July 29, 2014), *quoting Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) ("It would be inconsistent with the purpose of (the statute) to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee"). *See also Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) ("The cases from this and other circuits uniformly hold that a lawyer should receive a fee for successfully and successfully litigating the attorney fee case after the original case is over"), *abrogated on other grounds by The Northeast Ohio Coalition for the Homeless v. Husted*, --- F.3d ---, 2016 WL 4073489, *23

(August 1, 2016). The District of Arizona has also recognized that Arizona law supports the recovery of attorneys' fees incurred in preparing a fee application. *Gametech Int'l, Inc. v. Trend Gaming Sys.,* LLC, 380 F.Supp.2d 1084, 1101 (D.Ariz 2005) (citing *Schweiger v. China Doll Rest. Inc.*, 673 P.2d 927, 932 (AZ Ct. App. 1983)).

Counsels' time expended preparing this Motion is included in the attached time record. There will be additional amounts requested in the Reply for time spent from the time filing this Motion to the time spent drafting and filing a Reply to this Motion.

### III.   REASONABLENESS OF REQUESTED AWARD

In determining an award of attorneys' fees in a FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. at 433. The "reasonable hourly rate" is not determined by the rates actually charged but by the rate prevailing in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988). These factors are: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 n. 6 (9th Cir. 1987).

The attached declaration of Jason Barrat (attached hereto as "**Exhibit 1**"), declaration of James Weiler (attached hereto as "**Exhibit 2**"), declaration of Kelsey Whalen (attached hereto as "**Exhibit 3**"), and declaration of Jessica Miller (attached hereto as "**Exhibit 4**"), establishes the reasonableness of the fees requested. An itemized statement of attorneys' fees expended is attached hereto as "**Exhibit 5**."

Factors to consider when determining whether the amount of fees is reasonable include, but are not limited to the following: (1) time and labor required of counsel; (2) novelty and difficulty of the questions; (3) requisite skill required to perform legal services; (4) preclusion of other employment by counsel because of the acceptance of the action; (5) customary fee charged; (6) whether the fee contracted between the attorney and the client is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) amount of money and the results obtained; (9) experience, reputation, and ability of counsel; (10) undesirability of the case; (11) nature and length of counsel's attorney-client relationship; (12) awards in similar cases; and (13) any other matters deemed appropriate under the circumstances. *See* LRCiv 54.2(c)(3) (listing the various factors bearing on the reasonableness of the requested award of attorneys' fees). Under the *Lodestar* and *Kerr* frameworks, an evaluation of the appropriate factors listed in Local Rule 54.2(c)(3) establishes that the requested attorneys' fees award is reasonable in this action.

1. **Time and labor required of counsel and support staff.**

Undersigned Counsel's declaration and timesheet demonstrate that the qualities of Plaintiff's advocates warrant the fees requested. This case involved filing two Complaints, motion practice, research, negotiations, depositions, summary judgment and objections, and client and opposing counsel communications.

The support staff for Weiler Law spent approximately 30 hours working on this case, which has been written off in its entirety. At a support staff rate of $100 per hour the potential support staff time that has been omitted amounts to around $3,000. This further demonstrates the reasonableness of the fees requested in this motion.

**2.   Novelty and difficulty of the questions**

While the overtime claims were straight-forward, Defendants' destruction of documents including timecards (see Dkt. 78 at p. 8, ln. 23), lack of production of requested documents and information, and lack of willingness to settle forced Plaintiff to litigate this for over 20 months and was very time consuming.

**3.   Requisite skill required to perform legal services.**

The skill and competence of the legal services are described within this motion and affidavit.

**4.   Preclusion of other employment by counsel because of the acceptance of the action.**

None.

**5.   Customary fee charged.**

FLSA cases are traditionally accepted on a contingency fee basis where the attorney must bear all risks associated with prosecuting the plaintiff's claims. This case is no different: Plaintiff retained counsel on a pure contingency fee agreement under which Plaintiff would owe nothing to counsel, and counsel would not have received reimbursement from Plaintiff for the expenses they fronted, were they not to prevail.

"Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community ... are satisfactory evidence of the prevailing market rate. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014). There were four

attorneys who worked on this case, and each was tasked with specific litigation assignments as described in their time.

Jason Barrat's services are billed at $400 per hour, James Weiler's services are billed at $400 an hour, Jessica Miller's services are billed at $400 an hour, and Kelsey Whalen's services are billed at $335 per hour.  The rates are appropriate and commensurate with each attorneys' experience when compared to the rate charged by other attorneys of similar experience and capabilities, especially where the recovery of their fees is contingent on a successful outcome.  Jason Barrat, who has 11.5 years' experience, and James Weiler, who has almost fourteen years' experience, are partners at Weiler Law PLLC.  Jessica Miller, who has 9.5 years of experience and Kelsey Whalen, who has almost two years of experience.

Undersigned focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA.  As lead counsel in a FLSA case, Undersigned's rate of $400 per hour is reasonable as is lawyers in the firm with similar years of practice and experience.

**Other Cases with similar attorneys' rates.**

*See Gualotuna v. Estrella Gymnastics LLC*, No. CV-16-00597-PHX-DLR, 2016 U.S. Dist. LEXIS 150462, 2016 WL 8669298, at *2 (D. Ariz. Oct. 28, 2016 awarding attorneys' fees for a twenty-year attorney and a three-year attorney at rates of $475 and $375 per hour respectively); *Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-01532-PHX-DJH, 2021 U.S. Dist. LEXIS 240587, 2021 WL 5961645, at *4 (D. Ariz. Dec. 16, 2021) (awarding attorneys' fees in an employment law case at a rate of $460 per hour); *Million v. Pindernation Holdings LLC*, 2023 U.S. Dist. LEXIS 91259, *2 (awarding

attorneys' fees in an FLSA case at a rate of $395 an hour).

**6.     Whether the fee contracted between the attorney and the client is fixed or contingent.**

The relationship was on a contingency basis. All out of pocket costs were also paid by the firm with no guarantee of reimbursement.

**7.     Time limitations imposed by the client or the circumstances**

None.

**8.     Amount of money and the results obtained.**

Plaintiff received damages in the amount of $7,500 and Defendants agreed to pay Plaintiff an additional award decided by the Court for attorneys' fees and costs.

**9.     Experience, reputation, and ability of counsel.**

The experience and qualifications of counsel are documented in the Declarations of the four attorneys who worked on this case.

**10.    Reasonableness of fee agreement and undesirability of the case**

From the outset, the prosecution of any FLSA case involves significant financial risks for counsel. Undersigned undertook this matter solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, ability to collect on this matter in the event of a judgment or settlement, and no guarantee as to the potential duration of this litigation.

While attorneys who regularly represent corporations, including Defense counsel, are routinely paid on an hourly basis regardless of the outcome of the case, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results. It is for that reason

Weiler Law PLLC agreed to litigate this case on a wholly contingent basis.

**11.    Nature and length of counsel's attorney-client relationship.**

Counsel has not represented Plaintiff prior to this action.

**12.    Awards in similar actions.**

In *Zuniga v. Fiesta Pediatric Therapy*, Plaintiff was awarded $15,450.02 while Plaintiff's counsel was awarded $322,914.36 in attorneys' fees. *Zuniga v. Fiesta Pediatric Therapy Inc.,* No. CV-15-1978-PHX-DKD. In *Thompson,* Plaintiff received $1,503.57 and the Court granted a fee application in the amount of $11,362.50 as reasonable. *Thompson v. Arizona Movers & Storage Inc*., No. CV-17-03819-PHX-DGC, 2018 WL 2416187, at *3 (D. Ariz. May 29, 2018).

In *Zuniga*, counsel received 20.9x as much as their client. In *Thompson,* counsel received 7.6x as much as their client. In our case, the multiple would be 9.4x.

"[T]he Ninth Circuit has also made clear that attorneys' fee awards should not be made strictly proportional to the amount recovered, and that successful litigation, even with modest recoveries, can vindicate rights protected by statute. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012)." *Thompson v. Ariz. Movers & Storage Inc*., 2018 U.S. Dist. LEXIS 88829, *8.

**13.    Any other matters.**

Attached hereto as **"Exhibit 6"** is the "Statement of Consultation" required by LRCiv 54.2(d)(1). Attached hereto as "**Exhibit 7**" is Plaintiff's engagement agreement required by LRCiv 54.2(d)(2).

**Amounts Requested.**

Therefore, Jason Barrat respectfully requests that the Court award $46,000 for his attorneys' fees. James Weiler respectfully requests that the Court award $3,760 for his attorneys' fees. Jessica Miller respectfully requests that the Court award $18,120 for her attorneys' fees. Kelsey Whalen respectfully requests that the Court award $2,680 for her attorneys' fees. The total amount of requested fees up to this date is **$70,560**.

### IV.   PLAINTIFF IS ENTITLED TO COSTS

Plaintiff also seeks **$1,818.23** in costs and non-taxable costs. (*See Statement of Costs*, attached hereto as "**Exhibit 8**") "'Under the Fair Labor Standards Act, costs ['of the action'] include reasonable out-of-pocket expenses.' *Van Dyke v. BTS Container Serv., Inc.*, Civil No. 08-561-KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009) (citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002))." "Costs of the action "can include costs beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. *Id.* (citing *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) (FLSA's costs provision authorizes an award of costs as part of a "reasonable attorney's fee," which would not be authorized under Rule 54 of 28 U.S.C. § 1920). *Robledo v. Orellana*, 2012 WL 442122, *3 (D. Oreg. February 10, 2012).

The costs identified in the Statement of Costs were necessary expenses for the prosecution of this action. Accordingly, Plaintiff's counsel requests that this Court award **$1,818.23** in costs and non-taxable costs incurred**.**

### V.   CONCLUSION

For the foregoing reasons this Court should award Plaintiff his total attorneys' fees in the amount of **$70,560** and costs in the amount of **$1,818.23.** Plaintiff also respectfully

requests that the Court allow him to add additional time from now until the filing of the Reply to this Motion.

RESPECTFULLY SUBMITTED August 1, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2023, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Ashley Peschke