EXHIBIT 1

**EXHIBIT 1**

Jason Barrat; AZ Bar No. 029086
James Weiler; AZ Bar No. 034371
Kelsey Whalen; AZ Bar No. 037043
Jessica Miller; AZ Bar No. 031005
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
www.weilerlaw.com
jbarrat@weilerlaw.com
jweiler@weilerlaw.com
kwhalen@weilerlaw.com
jmiller@weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Fritch**, an Arizona resident; | Case No. 4:21-cv-00509-JGZ-JR |
| Plaintiff, | |
| v. | **DECLARATION OF JASON BARRAT** |
| **Orion Manufactured Housing Specialists, Inc.**, an Arizona company; and **L. James Miller,** an Arizona resident; | **(Assigned to the Hon. Jennifer G. Zipps)** |
| Defendants. | |

1. I am counsel of record for Plaintiff Jason Fritch in the above-entitled action. I have been the principal attorney involved in this case since our consultation on December 6, 2021.

2. I submit this Declaration in support of Plaintiff's Motion for Award of Attorneys' Fees.

3. I have been a member in good standing of the State Bar of Arizona for over

eleven and-a-half years since being admitted to the bar in January 2012. During my entire tenure as a litigator, my full practice has been devoted to plaintiff wage and hour employment law. I have litigated approximately two hundred lawsuits for employees during this time frame. All of my cases are on a contingency basis.

4. I attended The Ohio State University for undergrad from 2002-2007, and successfully earned my bachelor's degree in Computer Information Science. Following undergrad, I earned my *Juris Doctor* from Thomas M. Cooley Law School in 2011 and Master of Business Administration from Oakland University in 2012. I passed the Arizona bar in 2011 and was licensed to practice law in January 2012.

5. I began practicing employment law and have represented numerous employment litigation plaintiffs in both Superior Court and the Federal Court for the District of Arizona. I am also licensed to practice in the United States District Court for the Northern District of Illinois. I was licensed to practice in the United States Court of Appeals for the Ninth Circuit in December 2015.

6. I am one of two partners of a law firm located in Phoenix, Arizona, with five attorneys (including myself). My law firm, Weiler Law PLLC, focuses primarily on plaintiffs' employment litigation and wage and hour claims.

7. I acted as lead counsel for the entirety of this matter. As lead counsel, I was responsible for the day-to-day activities of the lawsuit including correspondence, drafting pleadings, discovery, and motions. I was the primary attorney involved in case strategy as well.

8. From the outset, the prosecution of any FLSA case involves significant financial risks for counsel. I undertook this matter solely on a contingent basis, with no

guarantee of recovery of fees or even reimbursement of costs, no guarantee as to the potential duration of this litigation, and no guarantee that after a judgment that we will be able to collect.

9. While attorneys who regularly represent corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results. It is for that reason that The Weiler Law PLLC agreed to litigate this case on a wholly contingent basis.

10. I have not received any payment for accrued attorneys' fees or costs. Although the Plaintiff in this case was never obligated to pay an hourly rate, my hourly rate is $400 per hour. This hourly rate is commensurate with my experience level, and is well within the standard hourly rates charged by other law firms in the Phoenix Metropolitan Area, particularly given the skill level and time commitment required to successfully litigate a FLSA lawsuit.

11. All attorneys at my firm maintain detailed daily time records on behalf of our clients. Such time is recorded in $1/10^{th}$ of an hour increments. Each time record is maintained on the firm's computers, the firm's network, and then is backed-up online. All fee records are prepared contemporaneously with the time or expense that is being billed.

12. I have personally rendered all of the services reflected in the Billing Summaries under the initial "JB" (attached hereto as "**Exhibit 5**"). Those Billing Summaries reflect the date that the service was rendered; a description of the work actually performed; and the amount of time expended (in tenths of an hour).

13. As reflected in the summaries and **Exhibit 5**, my legal fees incurred in this

case total 115 hours at $400 per hour to equal $46,000.

14.   Some of the entries included in **Exhibit 5** contain general descriptions of the work performed and were prepared for the purpose of protecting attorney-client communications.

15.   The time reflected in the attached Billing Summaries do not represent all time expended on the case. Some of the time spent was never entered onto timesheets or eliminated in a review of the billing summaries, including time spent reviewing matters or research and time spent thinking about the case away from the office. An effective "write down" has therefore occurred such that the total amount of time spent has not been summarized in the attached billing statement. I estimate the reduction of time was approximately 10-15% of the total time actually recorded on the final attached billing summary.

16.   During the pendency of this case, my firm has employed no less than three support staff personnel that have assisted in the prosecution of this matter. The support staff have, *inter alia*, prepared correspondence, organized and filed pleadings, docketed and calendared deadlines, and communicated status updates to clients. The support staff has conservatively spent approximately 30 hours working on this case. The support staff time is not reflected in the Billing Summaries because I have decided to write off this time in its entirety. At a paralegal/support staff rate of $100 per hour, the potential billable support staff time would equal $3,000.

17.   During the course of my firm's representation of Plaintiffs, I have exercised billing judgment by striking items from this fee request that are duplicative, if any, or other time for which the firm would not expect to be compensated.

18. In light of the foregoing, I request that the Court award my attorneys' fees in the amount of **$46,000**.

19. I declare under penalty of perjury that the foregoing is true and correct.

RESPECTFULLY SUBMITTED August 1, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff