E
X
H
I
B
I
T

7

**EXHIBIT 7**



Zoldan Law Group PLLC
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: (480) 442-3410
info@zoldangroup.com

## PRIVILEGED AND CONFIDENTIAL

*VIA EMAIL ONLY*
(fritchbear87@gmail.com)

December 6, 2021

Jason Fritch
Tel:  (520) 278-4870

RE:    Fee Agreement Between The Zoldan Law Group, PLLC and Jason Fritch

Dear Mr. Fritch:

Thank you for choosing us as your legal counsel.  This Agreement sets forth the terms and conditions of our representation, including the scope of our services and the billing policies that apply.  By signing below, you are binding yourself to each and every item in this Agreement.  As a result, it is imperative that you read this entire document before signing.

1.      **Scope of Engagement**.  By signing below, you expressly agree and acknowledge that pursuant to Arizona Ethical Rule 1.2(c), this representation is limited in scope, and will *only* include litigation. This Agreement supersedes and completely replaces any prior understandings, agreements or arrangements that we may have had, whether written or otherwise.  This representation does not include any appeals, new trials, administrative hearings, collections, perfecting judgments or enforcing judgments. You acknowledge and agree that because our representation is strictly limited as provided in this Agreement, we have no obligation to represent or advise you (on claims, defenses, legal deadlines, or otherwise) regarding any matter outside of the above-stated scope, including regarding matters that you may have disclosed to us in the past, or that you may disclose in the future.  Upon the termination of the above-stated limited representation, we shall have no obligation to represent or advise you regarding any matter.  We will provide the above-described legal services solely for your benefit, for which you will be billed in the manner set forth below.

2.      **Client's Responsibilities**.    We cannot effectively represent you without your cooperation and assistance. You agree to cooperate fully with us and to promptly provide all information known or available to you that is relevant to the representation. Your obligations include timely providing requested information and documents, assisting in discovery, disclosure and trial preparation, cooperating in scheduling and related matters, responding timely to telephone calls and correspondence, and informing us of changes in your address, telephone numbers and e-mail address.  Furthermore, you must tell us the whole truth at all times.
 Any failure to be completely forthright (including shading the truth or withholding facts or details) may result in termination.  You hereby authorize us to fully investigate the facts and the law relative to your claims.  We shall have the discretionary right to determine whether it is feasible to file a lawsuit on your behalf and upon advance notification to you, we shall be entitled to withdraw from further representation.
 In such an event, no further legal fees or costs shall be payable to us, but you agree to promptly pay us for all unpaid expenses and costs incurred prior to the date of such withdrawal.

3.      **Fees and Expenses**:

    A.      You shall pay compensation to Zoldan Law Group upon the conclusion of the occurrence of the following contingency: collection of any monies, recovery in any kind, or thing of value ("proceeds") recovered by settlement, judgment, verdict or otherwise on the claims stated in your complaint or demand letter, as may be amended ("the contingency").

    B.      You are not liable to pay compensation to Zoldan Law Group other than from amounts collected by our firm, except for expenses described in paragraph D below and/or in the event you

Doc ID: 8df32151c61b2251ab989ec58f73646d11785c89

terminate the litigation and/or our representation for "no cause".

C.      Upon the occurrence of the contingency, Zoldan Law Group will be entitled to payment of its fee (which includes compensation to any associated counsel) in the largest amount calculated by either of the following two methods:

        i.      40% of the gross amount collected (gross amount is defined to include all proceeds plus all payments of interest, plus all attorneys' fees and costs awarded or agreed, minus expenses already paid as described in paragraph D below); or

        ii.     An award or settlement payment specifically designated for attorneys' fees and costs to which Zoldan Law Group is entitled.

D.      Recommendation about settlement. In the event a settlement proposal is made to the Client with the affirmative recommendation of our firm, the firm shall have the right, if such settlement proposal is rejected by Client, to withdraw from any further representation of the Client pursuant to this agreement, upon written notice thereof by the firm to the Client.  In such event, the Client agrees to promptly pay the firm for all services rendered by the firm calculated on the basis of the lower of (1) the applicable percentage from paragraph 3(C) above or (2) actual work hours expended to be billed at the Law Firm's normal schedule of hourly rates in effect at the time of such withdrawal, together with all costs and expenses included hereof prior to the date of such withdrawal.

Zoldan Law Group advises you, and you acknowledge, that the firm could recover attorneys' fees in an amount that exceeds your recovery.

E.      In the event that we file a lawsuit on your behalf, there will be certain costs and expenses associated with our representation of you in addition to attorneys' fees.  Unless we notify you otherwise, we will advance all costs as incurred and deduct them from monies recovered on your behalf after applying the contingent fee due. Advanced costs include but are not limited to: filing fees, travel costs and expenses, witness or record fees, outside copying fees, delivery charges, expert fees, investigator fees, mediation/arbitration costs, deposition charges, etc., incurred in connection with this matter. Any taxable costs (as defined by statute) awarded by the court will be applied toward these advance costs.

F.      Any amount due to Zoldan Law Group pursuant to this agreement is hereby secured by a first priority lien on all proceeds of any recovery obtained, whether by settlement, arbitration award or court judgment. Said lien may be enforced in any way not inconsistent with the Rules of Professional Conduct and the laws of our state.

G.      If it is necessary for Zoldan Law Group to file suit for collection of any sums due to the firm by you under this agreement, you shall pay reasonable attorneys' fees for any such collection effort together with all costs for their collection including court costs.

H.      Zoldan Law Group is not acting as your counsel with respect to this agreement. If you wish to be advised on whether you should enter into this agreement, we encourage you to consult with independent counsel of your choice.

I.      If payment of all or any part of the amount to be received will be deferred (such as in the case of an annuity, a structured settlement, or periodic payments), the total of "all benefits," for purposes of calculating our contingency fee, will be the initial lump-sum payment plus the net present value, as of the time of the settlement, final award, judgment, etc. of the payments to be received thereafter. Our fees will be paid out of the initial lump-sum payment.  If the payment is insufficient to pay such fees in full, the balance will be paid from subsequent payments until our fees are paid in full, after which you will receive all future payments.

J.      In the event that you receive a non-monetary benefit as part of any settlement, award, judgment, or other benefit (including reinstatement, resuming or gaining business, refunds, credits, etc.), you are responsible to pay the firm for all time reasonably spent by us at our standard hourly rates.

4.      **Termination of Representation.**

Doc ID: 8df32151c61b2251ab989ec58f73646d11785c89

A.      Our representation will automatically terminate, without requiring any further action or notice on our part, upon the earlier of (1) completion of the above-referenced tasks/advice, (2) a settlement agreement disposing of your claims is fully executed, (3) any tribunal issues a decision on, or disposes of, your claims, or (4) we withdraw from your matter (as allowed herein, including due to conflicts arising out of any joint representation, or otherwise).   Such termination is effective immediately, and we shall have no continuing legal duties to provide legal advice or guidance, even if all claims are not settled, disposed of, or decided, and even if your claims are still subject to further action (such as appeals).

B.      We reserve the right to withdraw from further representation if you fail to comply with the terms of this contract or for any just reason permitted or required by the Rules of Professional Responsibility (ethical rules) or by other rules of the courts. We will notify you in writing of our intent to withdraw with a brief statement of our reason(s).  In the event of such withdrawal, you agree to promptly pay us at our standard hourly rates for all services rendered to the date of withdrawal plus all other fees, costs, and expenses incurred pursuant to this contract prior to the date such withdrawal is approved by the court.

C.      You reserve the right to terminate our representation for our failure to perform in accordance with the terms of this contract, for any other appropriate cause, or for no cause.  In the event the termination is for "no cause", you agree that this law firm will have a charging lien for costs expended and for the reasonable value of our services.  An example of your terminating us for "no cause" would be in a circumstance where, at some advanced stage in the litigation, you instruct us to drop your claims and dismiss your lawsuit without any settlement funds being disbursed to you and, in turn, to us.  Should this occur, commonly referred to a "walk-away" offer, you will be required to pay us the reasonable value of our services.

5.      **Records and Documents.**

A.      If our representation involves any dispute that may lead to or currently is in litigation, then under the Federal and Arizona Rules of Civil Procedure, you have an obligation to protect and preserve all evidence related (however slightly) to this dispute.  This includes paper and electronic documents, emails, voice messages, recordings, computers, cell phones, PDA's and other electronic devices, notes, calendars, audio tapes, and any other related data.   It is imperative that you immediately suspend all document and electronic data destruction or rotation policies (including backup media) that would otherwise apply and take steps to preserve all documents and electronic data (including email accounts and the emails contained therein).   Immediately remove from use any electronic devices (including computers and backup media) and protect and preserve such devices.  If removal is not possible, immediately make a mirror image of the device, email account, etc., and test for completeness and functionality.

B.      Your obligation not to dispose of any such documents includes the obligation not to delete electronic files (for example, by moving them to a "delete" folder). Electronic files, in particular, require your special attention in order to avoid unintentional, mistaken, or other impermissible deletions or destruction.

C.      Additionally, you have a duty to preserve all past and future information posted to any and all personal blogs and personal social media accounts and dating sites, including but certainly not limited to, Facebook, Linkedin, Twitter, Google, and Snapchat.   If you believe there is potentially embarrassing information contained on your personal social media accounts or profiles, do not delete or alter it in any way.   The destruction of any documents or information covered by the communication above may violate certain discovery obligations and may subject you to sanctions, fines, or other penalties.

D.      We maintain a paperless office.  By signing below, you hereby give us permission to destroy the original of any document that you provide to us, and to retain such documents only in an electronic imaged format.  After termination of our representation in a matter, we will only retain an electronic copy of your file for the minimum period required by law.

6.      **Attorney-Client Communications**.  We communicate from time to time with our clients via facsimile, mobile telephone, and email. Attorney-client communications are generally privileged, but that privilege can be destroyed if the communications are not kept confidential.  Thus, you hereby represent that

your email address is secure and confidential, and that you will continue maintaining it as such.  You also hereby acknowledge that we have instructed you never to share our communications with others.  You have agreed to do so, and have furthermore agreed to maintain the confidentiality of our communications by, among other things, **not** doing the following: forwarding our emails; accessing our emails at work, in public, over unsecure networks, or on anyone else's computer, phone, etc. (including your employer's); speaking on the phone where it can be overheard by others; speaking with us over an employer's phone line (or over a phone line provided by an employer); discussing this matter with others; and, sharing our documents with others, reading such documents in public, not shredding documents before disposal, or leaving them unsecured.

7.    **Disclaimer**. You hereby acknowledge and agree that we have made no promises or guarantees regarding the outcome of our representation. You further understand and acknowledge that if adverse parties prevail in any lawsuit, you may be required to pay those parties' attorneys' fees and costs.

8.    **Taxes**.  Any settlement or judgment is very likely subject to income, and other, taxes, and such taxes are frequently withheld before any settlement or other payment is disbursed.  However, we are neither a tax attorney nor an accountant, and by signing below you hereby agree that we have not provided any legal advice to you regarding taxes.  You furthermore agree that it is not reasonable to rely upon us for tax advice, and that you therefore will not do so.  Instead, you agree to seek competent professional advice regarding any tax issues, including, but not limited to, the tax consequences of any potential recovery, loss or the legal fees paid to us.

9.    **Successors and Assigns**.  This Agreement shall inure to our benefit by binding all of your predecessors, successors, beneficiaries, grantees, transferees, assigns, heirs, executors, administrators, directors, officers, shareholders, employees, agents, partners, representatives, attorneys, corporations, subsidiaries, divisions and joint venturers, as well as any affiliated individual or entity.

10.    **Severability**.  The clauses and paragraphs contained in this Agreement are intended to be read and construed independently of each other. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

11.    **Conclusion**.  We very much look forward to working with you on this engagement.  Please indicate your Agreement to all of the foregoing terms and conditions by signing and returning this Agreement.  If you have any proposed changes to this Agreement, you must notify us in a separate written correspondence detailing your proposed changes.  If you do not provide such written notice, your signature herein acknowledges and affirms your consent to this Agreement in the original form in which it was sent to you.

Sincerely,

Jason Barrat

Doc ID: 8df32151c61b2251ab989ec58f73646d11785c89

The foregoing Agreement correctly, fully, completely and exclusively sets forth and establishes the terms, conditions and understandings between the undersigned and The Zoldan Law Group.

Date: 12 / 06 / 2021

Printed Name:

Signature:

**Email
Address:**

Address:

Telephone:

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | 21.12.06_Engageme...1206-1-edphvj.pdf |
| **DOCUMENT ID** | 8df32151c61b2251ab989ec58f73646d11785c89 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested on zoldangroup.cliogrow.com and signed on zoldangroup.cliogrow.com**

## Document History

| | | |
|---|---|---|
| SENT | **12 / 06 / 2021**<br>18:59:19 UTC | Sent for signature to Jason Fritch (fritchbear87@gmail.com)<br>from apeschke@zoldangroup.com<br>IP: 104.231.90.29 |
| VIEWED | **12 / 06 / 2021**<br>19:00:35 UTC | Viewed by Jason Fritch (fritchbear87@gmail.com)<br>IP: 172.58.78.230 |
| SIGNED | **12 / 06 / 2021**<br>19:03:35 UTC | Signed by Jason Fritch (fritchbear87@gmail.com)<br>IP: 172.58.78.230 |
| COMPLETED | **12 / 06 / 2021**<br>19:03:35 UTC | The document has been completed. |

Powered by **HELLOSIGN**