# Exhibit A

**Barney Holtzman**

| | |
|---|---|
| **From:** | Jason Barrat <JBarrat@zoldangroup.com> |
| **Sent:** | Friday, January 14, 2022 3:31 PM |
| **To:** | Barney Holtzman |
| **Subject:** | RE: Fritch v. Orion |

[EXTERNAL]

Barney,

At this time, there is no offer on the table from our side as Defendants have declined our non-negotiable final offer.

Our side is willing to stipulate to vacate the default.  After our phone call today, I drafted the amended complaint and I am waiting for my client's signature to file it.  It should be filed sometime on Monday.

Your client is free to make any offer he would like (although I would recommend it to be in excess of our last offer to receive any traction) and I will take it to my client but our last offer is off the table at this time.

Thanks,

Jason Barrat | Attorney



5050 North 40th Street, Suite 260
Phoenix, Arizona 85018
Tel & Fax: (480) 442-3410 | JBarrat@zoldangroup.com

This email may contain confidential and privileged Attorney-Client communications and/or attorney work product for the sole use of its intended recipient(s).  Any review, use, distribution or disclosure by anyone other than the intended recipient may result in legal action for any damages resulting from such review, use or distribution.  If you are not the intended recipient (or authorized to receive this email on behalf of the recipient), please contact me by reply email and immediately delete all copies of this message.

**From:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Sent:** Friday, January 14, 2022 3:24 PM
**To:** Jason Barrat <JBarrat@zoldangroup.com>
**Subject:** RE: Fritch v. Orion

Hi Jason,
　　　　Thanks for speaking with me.  Before I speak with my client about his options, I want to make sure I understand. The offer to settle is $11,000 for Fritch's FLSA claims and attorneys' fees/costs. You won't provide us a breakdown of that number between FLSA claims and attorneys' fees/costs nor will you tell us (1) what Fritch believes he is owed for unpaid OT or (2) how many OT hours Fritch claims he worked.
　　　　If we don't accept the $11,000 offer, we can go forward with the litigation. Fritch will stipulate to vacate the default and then will amend to make it a collective action?

Barney

1

**Barney M. Holtzman**
520.624.8886

---

**From:** Jason Barrat <JBarrat@zoldangroup.com>
**Sent:** Friday, January 14, 2022 10:58 AM
**To:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Subject:** RE: Fritch v. Orion

[EXTERNAL]

So, are you rejecting our offer?

Jason Barrat | Attorney



5050 North 40th Street, Suite 260
Phoenix, Arizona 85018
Tel & Fax: (480) 442-3410 | JBarrat@zoldangroup.com

This email may contain confidential and privileged Attorney-Client communications and/or attorney work product for the sole use of its intended recipient(s).  Any review, use, distribution or disclosure by anyone other than the intended recipient may result in legal action for any damages resulting from such review, use or distribution.  If you are not the intended recipient (or authorized to receive this email on behalf of the recipient), please contact me by reply email and immediately delete all copies of this message.

---

**From:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Sent:** Friday, January 14, 2022 10:56 AM
**To:** Jason Barrat <JBarrat@zoldangroup.com>
**Subject:** RE: Fritch v. Orion

Hi Jason,
    I'll give you a call this morning.
    Those cases don't address this situation, as we are not claiming the matter is moot. We are paying what we understand is due your client based on our records of hours worked. Your client has no records and verified facts about his hours that are easily provable false. We also have offered to pay a reasonable attorney fee and cost, which you have refused to tell us. The fact you filed a verified complaint with incorrect facts, which could easily have been determined with a little research goes to the amount of fees that could be awarded.
    I'm sure you will let your client know you have approximately $4,800 in checks made payable to him. If the decision is to not cash those checks, that is fine. If we are correct as to what he is owed, I don't think a judge is going to award you any additional fees or costs.

Barney

**Barney M. Holtzman**
520.624.8886

---

**From:** Jason Barrat <JBarrat@zoldangroup.com>
**Sent:** Friday, January 14, 2022 10:26 AM

**To:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Subject:** RE: Fritch v. Orion

<mark>[EXTERNAL]</mark>

Barney,

My client rejects all tendered payments and will not cash those payments. I have litigated this issue many times. A couple orders are attached. I am free right now to chat. Let me know if now is a good time.

Thanks,

Jason Barrat | Attorney



5050 North 40th Street, Suite 260
Phoenix, Arizona 85018
Tel & Fax: (480) 442-3410 | JBarrat@zoldangroup.com

This email may contain confidential and privileged Attorney-Client communications and/or attorney work product for the sole use of its intended recipient(s). Any review, use, distribution or disclosure by anyone other than the intended recipient may result in legal action for any damages resulting from such review, use or distribution. If you are not the intended recipient (or authorized to receive this email on behalf of the recipient), please contact me by reply email and immediately delete all copies of this message.

**From:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Sent:** Friday, January 14, 2022 10:16 AM
**To:** Jason Barrat <JBarrat@zoldangroup.com>
**Subject:** RE: Fritch v. Orion

Thanks Jason. I don't know how I can analyze this offer without knowing what he claims he worked or what your attorneys' fees are.

Your client has been untruthful under oath so I don't see any reason you or I should trust his claims as to hours or witnesses.

I will have my client send checks to Fitch, care of you, for the amount of unpaid OT, minus withholding, and a second check for the liquidated damages. If you'd like to talk about your attorneys' fees or discuss moving the lawsuit forward, let me know a good time to chat.

Thanks,
Barney

**Barney M. Holtzman**
520.624.8886

**From:** Jason Barrat <JBarrat@zoldangroup.com>
**Sent:** Thursday, January 13, 2022 12:11 PM
**To:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Subject:** RE: Fritch v. Orion

3

[EXTERNAL]

Barney,

I just spoke with my client and he disputes the hours that are listed. He has multiple witnesses (who were also not paid OT), who are willing to testify regarding the hours that he worked. My client has given me a last and final non-negotiable offer to settle this case. The offer is $11,000. He is not willing to take a penny less. This offer will be left open until Monday at noon. If this is not acceptable, once you notice in, I will stipulate to set aside the default. If this is acceptable, I will give you the breakdown of attorneys' fees/costs and how much to my client.

Thanks,

Jason Barrat | Attorney



5050 North 40th Street, Suite 260
Phoenix, Arizona 85018
Tel & Fax: (480) 442-3410 | JBarrat@zoldangroup.com

This email may contain confidential and privileged Attorney-Client communications and/or attorney work product for the sole use of its intended recipient(s). Any review, use, distribution or disclosure by anyone other than the intended recipient may result in legal action for any damages resulting from such review, use or distribution. If you are not the intended recipient (or authorized to receive this email on behalf of the recipient), please contact me by reply email and immediately delete all copies of this message.

**From:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Sent:** Thursday, January 13, 2022 11:37 AM
**To:** Jason Barrat <JBarrat@zoldangroup.com>
**Subject:** RE: Fritch v. Orion

Hi Jason,

    Attached to this email is a payroll log showing Fritch's pay and OT hours. I've also attached a spreadsheet I created from the log to show what is owed. I took the hours at each pay rate and multiplied them by ½ his rate (Fritch admits he was paid cash for these hours) and doubled it (liquidated damages). The total owed is: $4,549.75. My client is willing to pay $5,549.75 to settle this case. We would want a standard release, including full release of all claims and confidentiality.

    In addition to the payroll log, it will be easy to show Fritch doesn't know how many hours he worked. He swore the complaint was correct. Fritch testified he was hired at $13.00/hr. It actually was $12.00/hr. Fritch testified he worked until September 14, 2021. He actually was let go on August 5, 2021. (See the attached DES paperwork showing 8/5/2021 as last day worked, and Fritch claiming it was 8/7/2021.) His only comment about overtime hours is that he worked approximately 50 hours the week of September 6, 2021. As shown, he wasn't working for Orion that week.

    I hope this resolves the case. Let me know how you'd want to handle withholding and if you'd want a separate check for attorneys' fees.

Thanks,
Barney

**Barney M. Holtzman**
520.624.8886

**From:** Jason Barrat <JBarrat@zoldangroup.com>
**Sent:** Thursday, January 13, 2022 8:39 AM
**To:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Subject:** RE: Fritch v. Orion

[EXTERNAL]

Barney – any update on this?

Jason Barrat | Attorney



5050 North 40th Street, Suite 260
Phoenix, Arizona 85018
Tel & Fax: (480) 442-3410 | JBarrat@zoldangroup.com

This email may contain confidential and privileged Attorney-Client communications and/or attorney work product for the sole use of its intended recipient(s).  Any review, use, distribution or disclosure by anyone other than the intended recipient may result in legal action for any damages resulting from such review, use or distribution.  If you are not the intended recipient (or authorized to receive this email on behalf of the recipient), please contact me by reply email and immediately delete all copies of this message.

**From:** Jason Barrat
**Sent:** Sunday, January 9, 2022 11:04 AM
**To:** 'Barney Holtzman' <bholtzman@mcrazlaw.com>
**Subject:** RE: Fritch v. Orion

Barney,

My client has given me authority to settle this case at $13,000.  This is inclusive of all attorneys fees and costs.

Thanks,

Jason Barrat | Attorney



5050 North 40th Street, Suite 260
Phoenix, Arizona 85018
Tel & Fax: (480) 442-3410 | JBarrat@zoldangroup.com

This email may contain confidential and privileged Attorney-Client communications and/or attorney work product for the sole use of its intended recipient(s).  Any review, use, distribution or disclosure by anyone other than the intended recipient may result in legal action for any damages resulting from such review, use or distribution.  If you are not the intended recipient (or authorized to receive this email on behalf of the recipient), please contact me by reply email and immediately delete all copies of this message.

**From:** Barney Holtzman <bholtzman@mcrazlaw.com>
**Sent:** Friday, January 7, 2022 2:33 PM
**To:** Jason Barrat <JBarrat@zoldangroup.com>
**Subject:** Fritch v. Orion

Hi Jason,

Thanks for speaking with me this morning and your professionalism. As I mentioned, I met with Jim Miller this morning and will be representing him and the company in this matter. We are gathering some documents and would like to discuss a settlement, as the amount in controversy doesn't sound large and the issues straightforward. I understand from you that the clerk entered default against the Company earlier this week. As we discussed, I don't think we need to move to vacate the default based on your agreement not to obtain a default judgment against the Company or a default against Mr. Miller. If you think we should clear up the record, I will do so ASAP.

I will let you know next week what our records show as to hours worked by Mr. Fritch and hopefully we can get to a quick settlement. Below is my new contact information.

Barney

**Barney M. Holtzman**
*Attorney*





259 N. Meyer Avenue
Tucson AZ 85701-1090
Phone 520.624.8886
Fax 520.798.1037



**website** | **vCard** | **map** | **email**

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.