# Exhibit I

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Jason Fritch

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Fritch**, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>**Orion Manufactured Housing Specialists, Inc.**, an Arizona company; and **L. James Miller,** an Arizona resident;<br><br>Defendants. | Case No. 4:21-cv-00509-JGZ-JR<br><br>**PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>**(Assigned to the Hon. Jennifer G. Zipps)** |

**TO: Defendants and all counsel of record.**

Pursuant to the Federal Rules of Civil Procedure (the "**Rules**"), Rules 26 and Rule 34, Plaintiff Jason Fritch **("Fritch")**, by and through undersigned counsel, hereby requests that Defendants respond to these Requests for Production of Documents and Things ("**RFPs**") in accordance with the Instructions and Definitions set forth below.

### INSTRUCTIONS

1. These instructions and definitions should be construed to require (a) answers based upon your knowledge of, and all information available to, you as well as your agents, representatives, and, unless privileged, attorneys, and/or (b) all documents within your

possession, custody or control, or within that of your past and present agents, representatives and attorneys.

2. To the extent that documents, writings, and/or any other data or data compilations responsive to the requests detailed below are available in electronic or "native" form, please provide them in that form. *See* Rule 34(b)(1)(C).

3. It is intended that the following discovery requests will not solicit any material protected either by the attorney-client privilege or work product doctrine which was created by, or developed by, your attorneys ***after*** the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log is required as to such material.

4. Each request must be responded to separately. If these requests are directed to more than one party, each named party must provide separate responses. However, a document which is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

5. All documents produced shall be segregated and identified by the requests to which they are primarily responsive. Where required by a particular request, or parts thereof, documents produced shall be further segregated and identified as specified therein. Any documents that are stored or maintained in files (physical or electronic) in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

6. To avoid ambiguity, significant effort has been invested in structuring these instructions, and in defining the terms below. If you encounter any ambiguities when

construing a request, instruction, or definition, please contact undersigned counsel immediately. If, after contacting counsel, you still claim that a request, instruction, or definition is ambiguous, your response shall set forth with specificity the matter deemed ambiguous and the construction used in responding.

7. Do not leave part of any request unanswered merely because you have interposed an objection to another part of that request. Instead, you must clearly delineate which parts are objectionable, and then respond fully to the remainder. Furthermore, if providing a partial or incomplete answer, you must clearly state that the answer is partial or incomplete, and that you are withholding information and/or documents on the basis of your objection(s).

8. If a requested document is (i) in hardcopy format, and has another document stapled, clipped, or otherwise attached to it, or (ii) in electronic format, and has another electronic document attached, linked or associated to it, then you must produce both the requested document, and the document that is stapled, clipped, attached, linked, associated or otherwise (in the same manner as the original) – regardless of whether the appended document is responsive in and of itself.

9. Each request refers to all documents and/or information that you either know to exist or that you can locate or discover by reasonably diligent efforts.

10. If (i) your response to any request is "unknown", "not applicable", "none", "no documents/information available", or any similar phrase or answer, or (ii) you can only provide a partial response to any request, after a diligent search and reasonable efforts at obtaining the requested document(s) and/or information, then you must clearly state that your answer is only partially responsive, and in either case state the following:

  A. The specific efforts made to obtain the requested documents and/or information, by whom such efforts were made, and on what date(s); and

  B. Identify any person or entity that you know, or reasonably believe, has the requested documents and/or information, or has access to the same.

11. Documents produced in response to this Request shall include all drafts, attachments, exhibits and enclosures.

12. Please note that under the Rules, you are under a continuing duty to seasonably supplement your responses with any documents and/or information obtained subsequent to the preparation and filing of a response hereto.

13. If you are objecting to any request, or part thereof, on the basis of a claimed privilege, or other legal protection (including a claim that responsive material is proprietary or confidential), and are withholding any document or information on the basis of such assertion:

  A. You must, in your objection, identify with specificity the nature of the privilege (including work product) or other legal protection that is being claimed;

  B. You must provide the following information, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged or protected information:

(1) For documents:

  (a) the type of document;

  (b) the general subject matter of the document;

  (c) the date of the document; and

  (d) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

(2) For oral communications:

  (a) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

  (b) the date and place of the communication; and

  (c) the general subject matter of the communication.

C. The information requested in Subparagraph B, above, must be provided separately for each document, oral communication, or discreet subpart of an interrogatory for which privilege/protection is asserted, unless doing so would be excessively burdensome or expensive. In such instances, you must particularize why providing separate designations would be excessively burdensome or expensive, and then identify by categories the voluminous documents, communications or information for which privilege/protection is asserted, providing the above information for each category. You may only designate documents, oral communications, or discreet subparts of interrogatories as privileged/protected by category if each such item (i) is within the privilege/protection claimed, and (ii) shares common

characteristics such as sender, receiver, author, or specific subject matter. Where only part of a document or communication is privileged/protected, the unprivileged/unprotected portion must be disclosed if otherwise discoverable and within the scope of these requests.

14. When a document contains, both privileged and non-privileged material, or when the information requested is both privileged and non-privileged, the non-privileged portions must be disclosed to the fullest extent possible without thereby disclosing the privileged portions. If a privilege is asserted with regard to part of the material contained in a document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in *any* fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

15. If you are withholding a document, or not providing information, for any reason other than an (a) an asserted privilege or other legal protection, (b) an objection that it is beyond the scope of discovery, or (c) that a request is unduly burdensome, then in addition to the above-stated information required for items withheld for privilege/protection, also state the reason for withholding the document(s) or information.

16. If any request is objected to on the grounds that production is unduly burdensome, describe with specificity what efforts were undertaken to respond to the request, the specific burdens or expenses that were encountered, by whom, and on what date.

17. If you object to the instant discovery as containing more requests than

allowed, clearly identify each request, or part thereof, that you are counting as a separate request, and respond to the number of requests that you assert to be properly allowable.

18. All documents produced in response to this Request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested.

19. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it must be so indicated, and an explanation given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

20. With respect to any document requested which was once in your possession, custody or control, but no longer is, identify the document, provide as much information about the document and its contents as you can gather, and indicate the date the document ceased to be in your possession, custody, or control, the manner in which it is ceased being so, and the name and address of its present custodian.

21. Unless otherwise indicated, each request is to be construed as encompassing completely, but limited to, all documents and information pertaining to the subject matter stated in the pleadings, and to events which transpired during the time period relevant to the pleadings.

22. You can answer these requests by mailing your responses within the time provided by the Rules to the undersigned attorney, whose proper address and contact information appears upon the heading of this request, and along the spine of each page.

23. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

24. If you elect to specify and produce business records in answer to any

interrogatory, the specification shall be in sufficient detail to permit Plaintiff to locate and identify, as readily as you can, the business records from which the answer may be ascertained.

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used herein is intended to have the broadest meaning permitted under the Rules. As used in this request, the following terms are to be interpreted in accordance with these definitions:

1. The terms "**and**" shall mean "**or**" and "**or**" shall mean "**and**" as necessary to call for the broadest possible answer.

2. The term "**any**" shall also mean "**all**" and *vice versa*.

3. The term "**communication**" means the transmittal of information by any means.

4. The terms ''**you**,'' "**your**" and "**yourself**" refer to the party (as that term is defined below) to whom these requests are addressed.

5. The term "**request**" includes, without limitation, and as appropriate, Interrogatories; Requests for the Production of Documents and Things; and, Requests for Admission.

6. The "**lawsuit**," "**litigation**" or "**matter**" is the above-captioned matter.

7. The term "**claim**" means a demand, request or assertion, whether oral or written, formal or informal, by any person for anything of value, including, but not limited to, acts and omissions, monetary payment, the undertaking of action, or the cessation of action.

8. The term "**concerning**" or "**relating**" shall mean relating to, referring to,

describing, evidencing, constituting, consisting of, describing, discussing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing, or bearing any other such logical or factual connection.

9. The term "**consulted**" or "**contacted**" means any form of communication, *e.g.*, oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters, documents, or electronic mail.

10. The term "**document**" shall be given the broadest meaning allowable under the Federal Rules of Civil Procedure and Evidence, and includes without limitation any information stored in any medium from which you can obtain information either directly or, if necessary, after translation into a reasonably usable form. The term "document" therefore includes, but is not limited to, any Electronically Stored Information ("**ESI**"), as that term is defined in the Rules, electronic mail (***and any attachments thereto***), writings, drawings, graphs, charts, photographs, sound recordings, images, data or data compilations, written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, analysis, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording,

transcript or log of an such recording, projection, videotape, film, microfiche, investigations, reports, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person.

11. Any draft or non-identical copy of a document (including non-identical meta-data) is a separate "document" as used herein.

12. An "**electronic device**" means anything capable of storing ESI (including, but not limited to: computers, cell phones, PDA's, external drives, flash drives, memory chips, servers, tablets, scanners, copiers, etc.).

13. The term "**identify**" means, when used in reference to:

A. A document, to state separately:

   (1) Its description (e.g. letter, report, memorandum, etc.);

   (2) Its relevant dates (includes the dates of creation, modification, etc.);

   (3) Its subject matter;

   (4) The identity of each person who drafted, worked on, had custody of, and signed or otherwise authorized it;

   (5) Its present location, the identity of its present custodian and all prior custodians, and the dates on which each had custody;

B. An oral statement, communication, conference or conversation, to state separately:

   (1) Its date and the place where it occurred,

      (2)    Its substance,

      (3)    The identity of each person participating therein, and

      (4)    The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

C. A natural person or persons, to state separately:

      (1)    The full name of each such person,

      (2)    His or her present, or last known residential and business address, telephone number and all known email address,

      (3)    The employer of the person at the time to which the answer is directed and the person's title or position at that time, and

      (4)    His or her relationship, if any, to the parties.

D. An organization or entity other than a natural person (e.g., a company, corporation, firm, association, partnership, or joint venture), to state separately:

      (1)    The full name and type of organization or entity,

      (2)    The date and state of organization or incorporation,

      (3)    The address of each of its principal places of business, and

      (4)    The nature of the business conducted.

14. The terms "**transaction**," "**occurrence**" or "**alleged occurrence**," mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Rule 7.

15. The terms "**party**," "**plaintiff**" and "**defendant**" (including, without

limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name (such as Fritch) or a pronoun referring to a party, means that party and, where applicable, his/her/its agents, attorneys, investigators, employees, representatives, officers, directors, members, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, directors, controlling parties, including persons or entities outside of the United States, or anyone else acting for, on behalf of, or with the knowledge of that party. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order. Unless the request states otherwise, or the context clearly indicates otherwise, the term "**defendants**" shall mean all defendants involved in this case, and the term "**plaintiffs**" shall mean all plaintiffs in this case.

16. The term "**person**" is defined as any natural person or any business, legal or governmental entity, or association, including, without limitation, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity, as well as anyone acting for, on behalf of, or with the knowledge of that person.

17. Your "**lawyers**" or "**attorneys**" shall mean any person who has represented you in, consult with you regarding, or given you legal advice concerning this lawsuit or the facts giving rise to this lawsuit.

18. The term "**investigation**" or "**investigate**" shall be given the broadest possible meaning that is reasonable under the circumstances, and includes, but is not limited to, any analysis, examination, exploration, fact-finding, interview, research, study, hearing, inquest, inquiry, inquisition, inspection, legwork, observation, probe, quest,

review, scrutiny, search, sounding, survey, case review, marketing analysis, focus group, triad, diad, process, predictive analysis, tests, outcomes analysis, questioning, inquiring, tracking, modeling, assessments, review, experiment, sampling or simulation (whether theoretical, analytical, experiential, experimental, electronic, computer-based, dynamic, static or otherwise, and regardless of whether actually begun, or merely planned, theorized, discussed, etc.) made by you or on your behalf.

19. The terms "**worker**", "**workers", "employee", "employees"** shall mean any person that you classified as an employee, independent contractor, part- or fill-time worker, 1099 worker, w-2 employee, or gig-worker. This will also include any person who claims or alleges that they are an employee regardless of your classification.

20. Unless otherwise specified, any reference herein to Requests for Admission, Requests for Production or Interrogatories refers to those requests served upon you at or near the time the instant requests were also served.

21. All of the following shall apply, and are intended to bring within the scope of these requests any response that might otherwise be omitted. The use of a word in any tense shall be construed as the use of that word in all tenses. The singular includes the plural, and the plural includes the singular. The term "including" means "including but not limited to." The terms "and" and "or" encompass both "and" and "or" (thus, "and" or "or" means "and/or"). Words in the masculine, feminine or neuter form shall include all of the other genders as well.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION 12:** Defendant L. James Miller's personal 2020 and 2021 federal and state tax returns, including all attachments, addenda, W2 forms and 1099

forms.

DATED July 29, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff Jason Fritch

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, I transmitted the attached document to the following CM/ECF registrants via electronic mail:

Barney Holtzman
**MESCH CLARK ROTHSCHILD**
259 N. Meyer Ave.
Tucson, AZ 85701
bholtzman@mcrazlaw.com

/s/ Ashley Peschke