Exhibit J

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Jason Fritch

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jason Fritch**, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>**Orion Manufactured Housing Specialists, Inc.**, an Arizona company; and **L. James Miller,** an Arizona resident;<br><br>Defendants. | Case No. 4:21-cv-00509-JGZ-JR<br><br>**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS**<br><br>**(Assigned to the Hon. Jennifer G. Zipps)** |

**TO: Defendants and all counsel of record.**

Pursuant to the Federal Rules of Civil Procedure (the "**Rules**"), Rule 36, Plaintiff Jason Fritch **("Fritch")**, by and through undersigned counsel, hereby requests that Defendants respond to these Requests for Admissions ("**RFAs**") in accordance with the Instructions and Definitions set forth below.

**INSTRUCTIONS**

1. Defendants are advised that the matter is deemed admitted unless, within thirty (30) days after the service of the Requests for Admission a written answer or objection addressed to such matter is served upon Plaintiff and signed by Defendants and

their attorney.

2. In answering these Requests for Admission, you are requested to furnish all information, however obtained, including hearsay, that is known by or available to you.

3. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

4. You may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable to admit or deny.

5. If you object to a Request, the grounds for objecting must be stated. You may not object solely on the ground that the request presents a genuine issue for trial.

6. These Requests shall be deemed continuing in nature so that you shall file amended or additional answers should different or more current information come to your attention, rendering your prior answers incomplete or inaccurate.

7. A matter admitted under this rule is conclusively established unless the Court, on motion, permits the admission to be withdrawn or amended.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used herein is intended to have the broadest meaning permitted under the Rules. As used in this request, the following terms are to be interpreted in accordance with these definitions:

1. The terms "**and**" shall mean "**or**" and "**or**" shall mean "**and**" as necessary to call for the broadest possible answer.

2. The term "**any**" shall also mean "**all**" and *vice versa*.

3. The term "**communication**" means the transmittal of information by any means.

4. The terms ''**you**,'' "**your**" and "**yourself**" refer to the party (as that term is defined below) to whom these requests are addressed.

5. The term "**request**" includes, without limitation, and as appropriate, Interrogatories; Requests for the Production of Documents and Things; and, Requests for Admission.

6. The "**lawsuit**," "**litigation**" or "**matter**" is the above-captioned matter.

7. The term "**claim**" means a demand, request or assertion, whether oral or written, formal or informal, by any person for anything of value, including, but not limited to, acts and omissions, monetary payment, the undertaking of action, or the cessation of action.

8. The term "**concerning**" or "**relating**" shall mean relating to, referring to, describing, evidencing, constituting, consisting of, describing, discussing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing, or bearing any other such logical or factual connection.

9. The term "**consulted**" or "**contacted**" means any form of communication, *e.g.*, oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters, documents, or electronic mail.

10. The term "**document**" shall be given the broadest meaning allowable under

the Federal Rules of Civil Procedure and Evidence, and includes without limitation any information stored in any medium from which you can obtain information either directly or, if necessary, after translation into a reasonably usable form.  The term "document" therefore includes, but is not limited to, any Electronically Stored Information ("**ESI**"), as that term is defined in the Rules, electronic mail (***and any attachments thereto***), writings, drawings, graphs, charts, photographs, sound recordings, images, data or data compilations, written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, analysis, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, investigations, reports, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or  maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person.

11. Any draft or non-identical copy of a document (including non-identical meta-data) is a separate "document" as used herein.

12. An "**electronic device**" means anything capable of storing ESI (including, but not limited to: computers, cell phones, PDA's, external drives, flash drives, memory chips, servers, tablets, scanners, copiers, etc.).

13. The term "**identify**" means, when used in reference to:

   A. A document, to state separately:

   (1) Its description (e.g. letter, report, memorandum, etc.);

   (2) Its relevant dates (includes the dates of creation, modification, etc.);

   (3) Its subject matter;

   (4) The identity of each person who drafted, worked on, had custody of, and signed or otherwise authorized it;

   (5) Its present location, the identity of its present custodian and all prior custodians, and the dates on which each had custody;

   B. An oral statement, communication, conference or conversation, to state separately:

   (1) Its date and the place where it occurred,

   (2) Its substance,

   (3) The identity of each person participating therein, and

   (4) The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

   C. A natural person or persons, to state separately:

   (1) The full name of each such person,

(2) His or her present, or last known residential and business address, telephone number and all known email address,

(3) The employer of the person at the time to which the answer is directed and the person's title or position at that time, and

(4) His or her relationship, if any, to the parties.

D. An organization or entity other than a natural person (e.g., a company, corporation, firm, association, partnership, or joint venture), to state separately:

(1) The full name and type of organization or entity,

(2) The date and state of organization or incorporation,

(3) The address of each of its principal places of business, and

(4) The nature of the business conducted.

14. The terms "**transaction**," "**occurrence**" or "**alleged occurrence**," mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Rule 7.

15. The terms "**party**," "**plaintiff**" and "**defendant**" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name (such as Fritch) or a pronoun referring to a party, means that party and, where applicable, his/her/its agents, attorneys, investigators, employees, representatives, officers, directors, members, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, directors, controlling parties, including persons or entities outside of the United States, or anyone else acting for, on behalf of, or with the knowledge of that party.

This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order. Unless the request states otherwise, or the context clearly indicates otherwise, the term "**defendants**" shall mean all defendants involved in this case, and the term "**plaintiffs**" shall mean all plaintiffs in this case.

16. The term "**person**" is defined as any natural person or any business, legal or governmental entity, or association, including, without limitation, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity, as well as anyone acting for, on behalf of, or with the knowledge of that person.

17. Your "**lawyers**" or "**attorneys**" shall mean any person who has represented you in, consult with you regarding, or given you legal advice concerning this lawsuit or the facts giving rise to this lawsuit.

18. The term "**investigation**" or "**investigate**" shall be given the broadest possible meaning that is reasonable under the circumstances, and includes, but is not limited to, any analysis, examination, exploration, fact-finding, interview, research, study, hearing, inquest, inquiry, inquisition, inspection, legwork, observation, probe, quest, review, scrutiny, search, sounding, survey, case review, marketing analysis, focus group, triad, diad, process, predictive analysis, tests, outcomes analysis, questioning, inquiring, tracking, modeling, assessments, review, experiment, sampling or simulation (whether theoretical, analytical, experiential, experimental, electronic, computer-based, dynamic, static or otherwise, and regardless of whether actually begun, or merely planned, theorized, discussed, etc.) made by you or on your behalf.

19. The terms "**worker**", "**workers**", "**employee**", "**employees**" shall mean any

person that you classified as an employee, independent contractor, part- or fill-time worker, 1099 worker, w-2 employee, or gig-worker.  This will also include any person who claims or alleges that they are an employee regardless of your classification.

20. Unless otherwise specified, any reference herein to Requests for Admission, Requests for Production or Interrogatories refers to those requests served upon you at or near the time the instant requests were also served.

21. All of the following shall apply, and are intended to bring within the scope of these requests any response that might otherwise be omitted.  The use of a word in any tense shall be construed as the use of that word in all tenses.  The singular includes the plural, and the plural includes the singular.  The term "including" means "including but not limited to."  The terms "and" and "or" encompass both "and" and "or" (thus, "and" or "or" means "and/or").  Words in the masculine, feminine or neuter form shall include all of the other genders as well.

**REQUESTS FOR ADMISSIONS**

**REQUEST NO. 6:  Admit that You did not 1099 Plaintiff for cash payments.**

_____ **Admit**           _____ **Deny**

**REQUEST NO. 7: Admit that You did not 1099 other employees besides Plaintiff for cash payments.**

_____ **Admit**           _____ **Deny**

**REQUEST NO. 8:** Admit that You did not pay employer taxes to the IRS on cash payments made to Plaintiff.

_____ **Admit**          _____ **Deny**

**REQUEST NO. 9:** Admit that You did not pay employer taxes to the Arizona DES on cash payments made to Plaintiff.

_____ **Admit**          _____ **Deny**

**REQUEST NO. 10:** Admit that You did not pay employer taxes to the IRS on cash payments made to other employees besides Plaintiff.

_____ **Admit**          _____ **Deny**

**REQUEST NO. 11:** Admit that You did not pay employer taxes to the Arizona DES on cash payments made to other employees besides Plaintiff.

_____ **Admit**          _____ **Deny**

**REQUEST NO. 12:** Admit that You lied on your taxes by filing incorrect tax returns during any year between 2019 and the present.

_____ **Admit**          _____ **Deny**

DATED August 2, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff Jason Fritch

Page **9** of **10**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2022, I transmitted the attached document to the following CM/ECF registrants via electronic mail:

Barney Holtzman
**MESCH CLARK ROTHSCHILD**
259 N. Meyer Ave.
Tucson, AZ 85701
bholtzman@mcrazlaw.com

/s/ Ashley Peschke